612 N.W.2d 395 (2000)
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Erick LIMMER, Defendant-Appellee.
Docket No. 116458, COA No. 225598.
Supreme Court of Michigan.
April 18, 2000.
In an order dated March 8, 2000, this Court denied leave to appeal. Several members of the Court indicated that they would grant leave to appeal and that dissenting statements would follow. The dissenting statement, as joined in by two members of the Court, reads as follows:
CORRIGAN, J.
Under the current governing standards in Michigan, the prosecution's application cannot succeed. Nonetheless, I would grant leave to appeal to revisit this Court's conclusion in People v. Nix, 453 Mich. 619, 556 N.W.2d 866 (1996), that a directed verdict granted on the basis of an error of law is nevertheless an acquittal for purposes of double jeopardy.
The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution bars further prosecution after a judgment of acquittal, whether based on a jury verdict of not guilty or a ruling by the court that insufficient evidence existed to convict. United States v. Scott, 437 U.S. 82, 91, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978); Sanabria v. United States, 437 U.S. 54, 68-69, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978); United States v. Martin Linen Supply Co., 430 U.S. 564, 570, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977); Fong Foo v. United States, 369 U.S. 141, 143, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962). That the trial court characterized its ruling as a directed verdict does not control its classification. Scott, supra at 96, 98 S.Ct. 2187. "Rather, a defendant is acquitted only when `the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged....'" Id. at 97, 98 S.Ct. 2187, quoting Martin Linen, supra at 571, 97 S.Ct. 1349.
In this case, as in Nix, supra, the trial court apparently granted a directed verdict on the basis of an erroneous legal ruling that defendant could not be convicted because he owed no legal duty to the victim.[1]Nix improperly characterized such a ruling as a determination that insufficient evidence existed to support a conviction. Unlike Smalis v. Pennsylvania, 476 U.S. 140, 144, n. 7, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986), the trial court's error of law in this case did not involve an actual element of the crime. Rather, the trial court erroneously determined that the offense included an additional element a duty. Because the trial court's legal determination did not involve an essential element of the offense charged, it did not necessarily constitute an acquittal for double jeopardy purposes. United States v. Maker, 751 F.2d 614, 622 (C.A.3, 1984).
For these reasons, I would grant the prosecution's application for leave to appeal.
WEAVER, C.J., and MARKMAN, J., concur with the statement of CORRIGAN, J.
NOTES
[1] I note the absence of a transcript in this case. Although the Court of Appeals waived the transcript requirement, an appellate court cannot make a truly informed ruling without the record.