Brady CARTER *v.* STATE of Arkansas

CR 04-164                                    200 S.W.3d 906

Supreme Court of Arkansas
Opinion delivered January 13, 2005

[Rehearing denied February 10, 2005.]

*James Law Firm*, by: *William O. "Bill" James, Jr.*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

Том Glaze, Justice. Appellant Brady Carter brings this appeal from his convictions of kidnapping, third-degree battery merged with first-degree terroristic threatening, and robbery. Carter argues that, at the bench trial of this case, the trial court erred in denying his motion for directed verdict, claiming the State's evidence fell short in proving these convictions. We hold that the trial court correctly found the evidence sufficient to support the kidnapping and terroristic threatening convictions.

Carter also asserts that the State failed to prove either a robbery or an aggravated robbery conviction. However, the State, in its cross-appeal, contends the trial court misinterpreted this court's holding in *Smith v. State*, 352 Ark. 92, 98 S.W.3d 433 (2003), causing the trial court to erroneously reduce Carter's aggravated robbery charge to the lesser included crime of robbery. We grant the State's cross-appeal because the trial court erred when it concluded *Smith* was legal precedent which required the trial court to reduce the State's aggravated robbery to robbery.

We first address the sufficiency of evidence issues Carter raises, because an appellant's right to freedom from double jeopardy requires a review of the sufficiency of the evidence prior to a review of any asserted trial errors. *Young v. State*, 316 Ark. 225, 871 S.W.2d 373 (1994). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Atkinson v. State*, 347 Ark. 336, 64 S.W.3d 259 (2002). In reviewing the sufficiency of the evidence, this court views the evidence in a light most favorable to the State and considers only the evidence that supports the verdict. *Wilson v. State*, 332 Ark. 7, 962 S.W.2d 805 (1998).

As previously noted, this case was a bench trial, and in such trials, the trial judge is in a superior position to evaluate the witnesses and to weigh their credibility. *Johnson v. State*, 337 Ark. 196, 202, 987 S.W.2d 694, 698 (1999). Moreover, when the defendant takes the stand in his defense and offers his own account of the events, as Carter did here, it is well settled in this state that the factfinder may resolve questions of conflicting testimony and inconsistent evidence, and may choose to believe the State's account of the facts, rather than the defendant's. *Sera v. State*, 341 Ark. 415, 17 S.W.3d 61 (2000).

With these standards in mind, we consider Carter's suggestion that the State failed to prove his kidnapping conviction. In Arkansas, a person commits the offense of kidnapping by intentionally restraining another person without his or her consent for the purpose of obtaining a ransom or reward, or for any act to be performed or not performed for the person's return or release, or for inflicting physical injury upon them, including engaging in sexual intercourse, deviate sexual activity, or sexual contact. Ark. Code Ann. § 5-11-102(a)(1) and (4) (Repl. 1997). "Restraint without consent" includes "restraint by physical force, threat, or deception[.]" Ark. Code Ann. § 5-11-101(2) (Repl. 1997).

■ At trial, the State presented the testimony of the victim, Albert McVay, who said that Carter robbed and kidnapped him on March 21, 2002. McVay testified that Carter came to his home with three other individuals, and, after duct-taping his mouth and arms, they forced him at gunpoint to accompany them to Carter's home. McVay further testified that Carter robbed him of $2,040 cash that he had on his person. McVay maintained that Carter and his friends continually beat him from the time he was initially kidnapped until the time he was returned to his home. Although Carter eventually returned McVay to his home, McVay averred that before Carter left, he threatened to kill both McVay and his girlfriend, Stephanie Childress, who was not home when Carter and his friends confronted McVay. Carter also threatened to blow up McVay and Stephanie's house if McVay failed to return with $2,000 more to Carter's house by 8:00 a.m. the next day. Clearly, the evidence presented by the State supports the kidnapping conviction.

Carter next questions the State's evidence that resulted in his first-degree terroristic threatening conviction. Arkansas Code Annotated § 5-13-301 (Repl. 1997) provides that a person commits the offense of terroristic threatening if, with the purpose of terrorizing another person, he threatens to cause the death or serious physical injury or substantial property damage to another person. On this point, Carter simply argues that the evidence against him was "highly suspect."

■ In short, Carter challenges the veracity of the victim, McVay; however, as previously stated, a witness's credibility is a question of fact for the trial court. *Johnson, supra.* Moreover, there was sufficient evidence presented at trial that Carter threatened to kill both McVay and Stephanie and to blow up their house if McVay did not later return to Carter's home with more money. Because the trial judge was in the superior position to weigh the credibility of the evidence, Carter's conviction for first-degree terroristic threatening is affirmed.

In his third point, Carter first asserts that the State failed to prove him guilty of either robbery or aggravated robbery. His contention on this point is without merit, because the State presented sufficient evidence to prove either offense. Under Ark. Code Ann. § 5-12-102(a) (Repl. 1997), a person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately thereafter, he employs or

threatens to immediately employ or threaten physical force upon another. Aggravated robbery, on the other hand, occurs when a person commits a robbery while "armed with a deadly weapon" or if the assailant "represents by word or conduct that he is so armed or inflicts or attempts to inflict death or serious physical injury upon another person." *See* Ark. Code Ann. § 5-12-103(a) (Repl. 1997).

Carter offered testimony and evidence at trial that conflicted with the State's evidence. However, we review the evidence in a light most favorable to the State and consider only the evidence that supports the verdict. *Jordan v. State,* 356 Ark. 248, 254, 147 S.W.3d 691, 694 (2004); *Wilson v. State, supra.* As discussed above, McVay testified that Carter and his friends came to McVay's residence, and, after duct-taping his mouth and arms, they forced him at gunpoint to accompany them to Carter's home. Carter then took $2,040 cash that McVay had on his person. McVay maintained at trial that Carter and his friends continually beat him from the time they kidnapped him and until they returned him to his home. Before leaving, Carter threatened to kill both McVay and Stephanie and to blow up their home unless McVay returned to Carter's home the next morning with $2,000 or more. After Carter left, McVay phoned the police to give them his account of what occurred. At trial, Officer J. P. Marriet, who investigated McVay's report of events, testified that, although Carter did not admit to any of the other charges, Carter admitted to having beaten McVay. In addition, Stephanie and another friend, Stevie Owens, testified that, although they were not present when McVay was kidnapped, they did see McVay after he was returned to his house; he was wet, burned, bruised, bleeding, and scared.

Based on the foregoing evidence, the trial court specifically found that it believed McVay's story that a gun was utilized during this criminal episode, and also found "there's no question that blows to [McVay's] face and [his] head, together with the abrasions and burn marks . . . constituted serious physical injury." Although the trial court made these factual findings that supported the aggravated robbery charge, it cited this court's recent decision of *Smith v. State, supra,* for the proposition that to prove aggravated robbery, the State was required to show the "gun" was used as a gun, and not as a club. The trial court held that, under *Smith,* it had no legal or statutory authority to convict Carter of aggravated robbery because the State failed to prove the element that Carter had employed his firearm as a firearm. We agree with the issue

raised by the State on cross-appeal, namely, that the trial court erred in its interpretation and application of the rule of law established in *Smith*.

In *Smith*, the defendant was charged with the crime of *first-degree battery* under § 5-13-207(a)(1) and (7) (Repl. 1997). In the present case, Carter was charged with *aggravated robbery*, a crime which contains different statutory elements. To prove first-degree battery under § 5-13-207, the State must show the defendant had both the intent to cause physical injury to another person by means of a firearm and that such injury resulted. In the *Smith* case, this court had to determine whether the striking of a person with the butt of a pistol constituted *first-degree battery*; the State's *robbery* statutes were not involved in *Smith*. By way of contrast, this case involves the aggravated robbery statute. In order to obtain a conviction for aggravated robbery, the State did not need to show that a deadly weapon was actually used upon McVay, but only that Carter either was armed or represented that he was armed when he threatened to harm McVay. Consequently, the aggravated robbery was complete when physical force was *threatened*. *See Williams v. State*, 351 Ark. 215, 225, 91 S.W.3d 54, 60 (2002). Therefore, the trial court's application of *Smith* to the present matter was erroneous. The State presented evidence that unquestionably showed that Carter employed or threatened to employ physical force while he was armed with a deadly weapon. *See* §§ 5-12-103(a) and 5-12-102(a).

For the above reasons, we affirm Carter's convictions on the sufficiency of the evidence; however, we reverse and remand the robbery conviction for further proceedings. *See State v. Zawodniak*, 329 Ark. 179, 946 S.W.2d 936 (1997) (when a trial judge makes an error of law rather than an error of fact, double jeopardy is not implicated).