Brady CARTER *v.* STATE of Arkansas

CR 04-164                                                    217 S.W.3d 849

Supreme Court of Arkansas
Opinion delivered November 18, 2005

*Jeff Rosenzweig* and *William O. James Jr.,* for appellant.

*Mike Beebe,* Att'y Gen., by: *David R. Raupp,* Sr. Ass't Att'y Gen., for appellee.

PER CURIAM. On January 1, 2005, this court affirmed Brady Carter's convictions for kidnapping and third-degree battery; in the same decision, this court reversed on the State's cross-appeal, holding that the trial court erroneously reduced Carter's aggravated robbery charge to the lesser included crime of robbery. In doing so, this court remanded the robbery charge for further proceedings. See *Carter v. State,* 360 Ark 266, 200 S.W.3d 906 (2005). The

decision to remand the robbery charge was based, in part, on State v. Zawodniak, 329 Ark. 179, 946 S.W.2d. 936 (1997), in which this court held that, when a trial judge makes an error of law rather than an error of fact, double jeopardy is not implicated.

■ Carter filed a petition for writ of certiorari and a motion for leave to proceed *in forma pauperis* to the United States Supreme Court, both of which were granted. The Supreme Court vacated this court's original judgment and remanded the case for further consideration in light of *Smith v. Massachusetts*, 543 U.S. 462, 125 S.Ct. 1129, 160 L.Ed.2d 914 (2005). We now direct the parties to rebrief the sole issue of whether the court's decision to remand Carter's robbery charge was in violation of his constitutional rights against double jeopardy. Specifially, in accordance with the Supreme Court's opinion, we ask the parties to address the impact of *Smith v. Massachusetts, supra.*

It is only fair that the parties should be given an opportunity to present their opinions in this matter by allowing the lawyers to be zealous advocates on behalf of their clients and not mere bystanders. For this reason, rebriefing is ordered. In order to expedite this matter, the State will be required to submit its brief on or before December 18, 2005. Carter's brief will be due no later than twenty days after the State's brief is filed.