Brady CARTER *v.* STATE of Arkansas

CR 04-164                                      227 S.W.3d 895

Supreme Court of Arkansas
Opinion delivered February 9, 2006

[Rehearing denied March 16, 2006.]

*Jeff Rosenzweig* and *William O. James, Jr.*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

Tom Glaze, Justice. This case, which involves a question of double jeopardy, is being considered on remand from the United States Supreme Court. The brief history is as follows. In *Carter v. State*, 360 Ark. 266, 200 S.W.3d 906 (2005) (*Carter I*), this court affirmed Brady Carter's convictions for kidnapping and third-degree battery; in the same decision, this court reversed on the State's cross-appeal, holding that the trial court erroneously reduced Carter's aggravated robbery charge to the lesser included crime of robbery. In doing so, this court remanded the robbery charge for further proceedings. The decision to remand the robbery charge was based, in part, on *State v. Zawodniak*, 329 Ark. 179, 946 S.W.2d 936 (1997), in which this court held that, when a trial judge makes an error of law rather than an error of fact, double jeopardy is not implicated.

Carter filed a petition for writ of certiorari to the United States Supreme Court, which that Court granted. The Supreme

Court vacated this court's original judgment and remanded the case for further consideration in light of *Smith v. Massachusetts*, 543 U.S. 462, 125 S.Ct. 1129 (2005) (5-4 decision). This procedure is commonly referred to as a "GVR."[1] Pursuant to the mandate from the Supreme Court, we now reevaluate our decision in *Carter I* in light of *Smith v. Massachusetts, supra*.[2]

The following is a brief background of the relevant facts presented in *Carter I*. At the close of evidence at Carter's criminal trial, the trial judge made factual findings that unquestionably supported the statutory definition of aggravated robbery. *See* Ark. Code Ann. § 5-12-103 (Repl. 1997). Specifically, the trial judge found that while committing a robbery, Carter, or an accomplice of Carter, struck the victim in the head with the butt end of a gun. The trial judge then misinterpreted this court's decision in *Smith v. State*, 352 Ark. 92, 98 S.W.3d 433 (2003), and found that, in order to prove aggravated robbery, the State was required to show that the "gun" was used as a gun, and not as a club. As we said in *Carter I*, this was an incorrect statement of the law. Relying on this legal error, the trial judge incorrectly dismissed Carter's aggravated robbery charge and convicted him of the lesser crime of robbery. On appeal, this court reversed Carter's robbery conviction and remanded the case so that Carter could be retried for aggravated robbery.

As mentioned above, the *Carter I* court based its decision on *State v. Zawodniak, supra*. In *Zawodniak*, the defendant was charged with simultaneous-possession of drugs and firearms. *See* Ark. Code Ann. § 5-74-106(a) (Repl. 1993). Zawodniak moved for a di-

---

[1] "GVR" is an acronym standing for "grant certiorari, vacate the judgment below, and remand the case." *Lawrence on Behalf of Lawrence v. Chater*, 516 U.S. 163 (1996). The Supreme Court has stated that a GVR is appropriate under the following circumstances:

Where intervening developments, or recent developments that we have reason to believe the court below did not fully consider, reveal a reasonable probability that the decision below rests upon a premise that the lower court would reject if given the opportunity for further consideration, and where it appears that such a redetermination may determine the ultimate outcome of the litigation, a GVR order is, we believe, potentially appropriate.

*Chater, supra*.

[2] As an initial matter, we note that Brady Carter's convictions for kidnapping and third-degree battery were properly affirmed in *Carter I* on independent state law grounds; consequently, these convictions are not at issue in this proceeding.

rected verdict at the close of the State's case, arguing that the State had failed to prove the necessary elements of the charge against him. Specifically, Zawodniak claimed that the simultaneous- possession statute required a showing that, in addition to proving he was in the simultaneous possession of drugs and a firearm, Zawodniak was also involved in criminal gang or group activity. *Zawodniak*, 329 Ark. at 181. The trial court agreed with this erroneous interpretation of the statute and granted Zawodniak's motion. Zawodniak's charges were reduced to possession of a controlled substance and possession of drug paraphernalia, and he was eventually convicted.

On appeal, the *Zawodniak* court vacated the conviction and remanded the case for a retrial on the simultaneous-possession charge. In doing so, our court held as follows:

> Zawodniak received a favorable trial court decision not because the State had failed to prove its case, but because the trial court, at Zawodniak's instigation, erred in applying erroneous law. In other words, defendant Zawodniak, by deliberately choosing to seek termination of the proceedings against him on a basis unrelated to factual guilt or innocence of the simultaneous-possession charge of which he was accused, suffers no injury cognizable under the Double Jeopardy Clause.

*Zawodniak*, 329 Ark. at 185 (citing *United States v. Scott*, 437 U.S. 82, 98-99 (1978)).

In *United States v. Scott*, on which the *Zawodniak* court relied, the defendant, John Scott, moved for dismissal of two counts of narcotics distribution based on a preindictment delay by the prosecution. At the close of all the evidence, the trial court granted Scott's motion. *Scott*, 437 U.S. at 82. On appeal by the government, the Supreme Court reversed the trial court's decision and remanded the case to be retried. The Supreme Court explained that double-jeopardy concerns are not offended under circumstances where dismissal is based on matters unrelated to guilt or innocence, writing as follows:

> This is scarcely a picture of an all-powerful state relentlessly pursuing a defendant who had either been found not guilty or who had at least insisted on having the issue of guilt submitted to the first trier of fact. It is instead a picture of a defendant who chooses to avoid conviction and imprisonment, not because of his assertion that the

Government failed to make out a case against him, but because of a legal claim that the Government's case against him must fail even though it might satisfy the trier of fact that he was guilty beyond a reasonable doubt.

*Scott*, 437 U.S. at 98-99; *see also Zawodniak*, 329 Ark. at 185.

The relevant question in the current case is whether *Scott*, *Zawodniak*, and consequently, *Carter I*, have been affected by the Supreme Court's recent decision in *Smith v. Massachusetts, supra*; it appears that they have.

In *Smith v. Massachusetts*, the defendant Melvin Smith was charged with three counts, one of which was assault and battery by means of a dangerous weapon. At the close of the prosecution's case, Smith moved to dismiss the dangerous-weapon charge, claiming that the evidence was insufficient as a matter of law. *Smith*, 125 S.Ct. at 113. The trial judge granted the motion, finding that the State had not presented evidence to prove that the firearm used was shorter than 16 inches, a requisite element of the crime. *Id.* The trial continued as to the other charges, and Smith presented his case in defense. At the close of all the evidence, the prosecutor located a precedent holding that the victim's descriptive testimony was sufficient to prove the barrel-length requirement. *Id.* The trial judge agreed and reversed her previous ruling. The firearm count went to the jury, and Smith was eventually convicted on all counts. *Id.*

On appeal, the Supreme Court held that the trial judge's original ruling was an acquittal because it "actually represent[ed] a resolution, correct or not, of some or all of the factual elements of the offense charged." *Smith*, 125 S.Ct. at 1134. Moreover, the *Smith* Court held that the trial judge's subsequent reversal violated Smith's rights against double jeopardy. The *Smith* opinion contains statements of law that directly impact our decision in *Carter I*:

> Massachusetts' characterization of the required finding of not guilty as a legal rather than factual determination is, "as a matter of double jeopardy law . . . not binding on us." What matters is that, as the Massachusetts rules authorize, the judge "evaluated the [Commonwealth's] evidence and determined that it was legally insufficient to sustain a conviction."

*Smith*, 125 S.Ct. at 1135 (citing *Smalis v. Pennsylvania*, 476 U.S. 140, 144 (1986); *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 572 (1977)).

The State contends that *Smith* is distinguishable from the present case, stating that, unlike in *Smith*, where the trial judge ruled that proof of a *required* element of the charged offense was lacking, here, the State was required to prove an *additional* element that the statute does not require. In short, the State argues that Carter was never "acquitted" for double-jeopardy purposes. We cannot agree.

To begin with, the Supreme Court's definition of "acquittal" in *Smith*, only requires a "resolution, *correct or not*, of some or all of the factual elements of the offense charged." *Smith*, 125 S.Ct at 1134 (emphasis added); *see also United States v. Scott*, 437 U.S. 82, 91 (1978) (holding that an "acquittal" may be based on a ruling by the court, *however mistaken*, that the evidence is insufficient to convict (emphasis added)). In addition, the State has failed to cite a single case distinguishing between a *required* element and an *additional* element for double-jeopardy purposes.

Finally, the *Smith* Court states that double jeopardy does not provide an exception for any legal errors:

> But any contention that the Double Jeopardy Clause must itself . . . leave open a way of correcting legal errors is at odds with the well established rule that the bar will attach to a pre-verdict acquittal that is patently wrong in law.

*Id.* at 1137 (citations omitted). In a footnote to this statement, the Court elaborated as follows:

> The dissent goes to great lengths to establish that there was no prejudice here, since the acquittal was legally wrong, and the defendant was deprived of no available defense. But the Double Jeopardy Clause has never required prejudice beyond the very exposure to a second jeopardy. To put it differently: requiring someone to defend against a charge of which he has already been acquitted is prejudice *per se* for purposes of the Double Jeopardy Clause — even when the acquittal was erroneous because the evidence was sufficient.

*Id.* at 1137, n7 (citations omitted). Regardless of the legal error made in the present case, the trial judge determined that there was a lack of evidence on the aggravated robbery charge and acquitted Carter of that charge. According to *Smith*, a defendant cannot be retried on the same charge, regardless of whether the defendant's acquittal was a result of the trial judge's legal error. *Smith, supra.*

The Double Jeopardy Clause guarantees that the State shall not be permitted to make repeated attempts to convict the accused, "thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity as well as enhancing the possibility that even though innocent he may be found guilty." *Green v. United States*, 355 U.S. 184, 187-88 (1957). In accordance with the Court's *Smith* decision, it appears that the purpose of the Double Jeopardy Clause will be served by preventing the retrial of Carter's aggravated robbery charge.

This court's decisions in *Zawodniak* and *Carter I* are in direct conflict with the Supreme Court's decision in *Smith*.[3] Consequently, the State's cross-appeal, challenging Carter's acquittal for aggravated robbery, is denied. In addition, Carter's convictions for robbery, kidnapping, and third-degree battery are affirmed. This case is remanded for a ruling consistent with this opinion.

---

[3] The Supreme Court's decision in *Scott* does not appear to be in conflict with *Smith*, but rather distinguishable on its facts. The dismissal in the *Scott* case was based on pretrial delay, or as the Court described it, "matters unrelated to guilt or innocence." As a result, double jeopardy principles were not offended and a retrial can occur. Despite the legal error in *Smith*, the Court determined that the dismissal was based on matters of guilt or innocence; consequently, double jeopardy prevents retrial.