# Order

Michigan Supreme Court
Lansing, Michigan

January 13, 2011

139345-7 (121)

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Maura D. Corrigan
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly,
Justices

CHRISTOPHER LEE DUNCAN, BILLY JOE
BURR, JR., STEVEN CONNOR, ANTONIO
TAYLOR, JOSE DAVILA, JENNIFER
O'SULLIVAN, CHRISTOPHER MANIES, and
BRIAN SECREST,
   Plaintiffs-Appellees,

v

STATE OF MICHIGAN and GOVERNOR OF
MICHIGAN,
   Defendants-Appellants.
_____/

SC: 139345
COA: 278652
Ingham CC: 07-000242-CZ

CHRISTOPHER LEE DUNCAN, BILLY JOE
BURR, JR., STEVEN CONNOR, ANTONIO
TAYLOR, JOSE DAVILA, JENNIFER
O'SULLIVAN, CHRISTOPHER MANIES, and
BRIAN SECREST,
   Plaintiffs-Appellees,

v

STATE OF MICHIGAN and GOVERNOR OF
MICHIGAN,
   Defendants-Appellants.
_____/

SC: 139346
COA: 278858
Ingham CC: 07-000242-CZ

CHRISTOPHER LEE DUNCAN, BILLY JOE
BURR, JR., STEVEN CONNOR, ANTONIO
TAYLOR, JOSE DAVILA, JENNIFER
O'SULLIVAN, CHRISTOPHER MANIES, and
BRIAN SECREST,
   Plaintiffs-Appellees,

v

STATE OF MICHIGAN and GOVERNOR OF
MICHIGAN,
   Defendants-Appellants.
_____/

SC: 139347
COA: 278860
Ingham CC: 07-000242-CZ

   This Court's order of December 29, 2010 denying the defendants' motion to deem will be published in the Michigan Reports as follows:

On order of the Court, the motion to deem this Court's release of Chief Justice KELLY's, Justice CORRIGAN's and Justice MARKMAN's statements on December 22 to be the Court's final order is considered, and it is DENIED.

The motion was untimely because it was filed December 28, 2010. The statements issued on December 22 did not constitute an order and did not modify the substance of the November 30, 2010 order of the Court. Pursuant to MCR 7.313(E), the period for reconsideration expired December 21, 2010, which was 21 days after November 30, 2010, the date of the Court's order. An order is effective on the date it is entered, except in circumstances not applicable here. See MCR 7.317(D).

Defendants' claim that they did not have the benefit of this Court's full reasoning until December 22 is incorrect. Concurring and dissenting statements are not binding authority and do not speak for the Court. They convey the reasoning of the individual justices who sign them, not the reasoning of the Court.

No motion for reconsideration of this order will be entertained.

MARILYN KELLY, C.J. (*concurring in part and dissenting in part*). Justice CORRIGAN's dissenting statement repeats her belief that "counsel for a losing party cannot properly decide whether to file a motion for reconsideration or [decide] what to include in such a motion without knowing where the entire Court stands on an issue." I disagree. Although knowing how all the justices stand is sometimes helpful, often it is not. And, regardless of whether it is or is not helpful, parties often must decide whether to file a motion for reconsideration without such knowledge.

For example, consider cases in which blanket denial orders enter, stating only that "we are not persuaded that the question presented should be reviewed by this Court." We often issue such orders without additional comment irrespective of the fact that the vote in favor of the order is not unanimous. Indeed, only a minority of our orders disposing of cases include statements. And even when they do, the statements do not speak for the Court.

Moreover, Justice CORRIGAN's argument that releasing an order without a justice's statement contravenes art 6, § 6 of the Michigan Constitution cannot be correct. First, taken to its logical conclusion, her interpretation would require a dissenting justice to write a statement of his or her reasons for dissenting in every case in which the Court lacks unanimity. This would include every case in which the Court's vote is split, but the justices whose views did not prevail decline to have their position shown on the order. Given the inevitable frequent disagreement among the justices on our Court, we would be quickly bogged down writing statements if Justice CORRIGAN's interpretation of our Constitution were correct.

Second, nothing in art 6, § 6 requires that the reasons for a dissent must be issued simultaneously with the Court's order. It does not "benefit" a losing party to have the reasoning in any one justice's statement in order to persuade the other justices because they have already had an opportunity to consider those arguments. In this case, Justice CORRIGAN's statement of December 22 and her statement issued today are an almost verbatim restatement of the reasoning set forth in defendants' briefing to this Court; they do not provide independent reasoning to support defendants' position. Thus, defendants were themselves already aware of, and had already set forth, the arguments advanced in Justice CORRIGAN's dissenting statements.

Finally, no precedent exists for updating an order's entry date to the date of later-issued statements about that order. Always in the past, the statements have been treated as amendments or additions to the original order. The order became effective on the date it was entered, and later-issued statements have not affected that date. See *People v Limmer*, 461 Mich 974 (2000); MCR 7.317(D).

In *Limmer*, we issued an order on March 8, 2000 denying leave to appeal but stating that then-Chief Justice WEAVER and Justices CORRIGAN and MARKMAN would grant leave to appeal and dissenting statements would follow. On April 18, 2000, a dissenting statement by Justice CORRIGAN, joined by then-Chief Justice WEAVER and Justice MARKMAN was issued. The effective date of the denial order continued to be March 8.[1]

For these reasons, we should not treat the date of issuance of our December 29 order as having been changed by today's issuance of Justice CORRIGAN's dissenting statement.

CORRIGAN, J. (*dissenting*).

I dissent from the order denying defendants' motion to deem the December 22, 2010 order as this Court's final order. Defendants filed this motion on December 28, 2010, after the Court issued Chief Justice KELLY's concurring statement and Justice MARKMAN's and my dissenting statements to the Court's November 30, 2010 order granting plaintiffs' motion for reconsideration on December 22, 2010. The majority summarily denied defendants' motion to deem on December 29, 2010, without my dissenting statement. On the same day, the majority also denied defendants' motion for reconsideration of the November 30, 2010 order, to which I also dissented. See *Duncan v State of Michigan*, ___ Mich ___ (2010).

---

[1] See also ADM Order No. 2006-08, 477 Mich clii (2006) (stating that the order was entered December 6, 2006 and became effective immediately and stating that dissenting statements would follow. Then-Justice WEAVER's dissenting statement entered on December 20, 2006, but, as in *Limmer*, did not affect the effective date of the order).

In my dissenting statement to the denial of defendants' motion for reconsideration of the November 30, 2010 order, I opined that the majority erroneously denied defendants' motion for reconsideration because that motion had been filed without the full reasoning of the Court. Specifically, I stated:

> My dissenting statement was not issued until December 22, 2010, which was one day after defendants were forced into filing their motion for reconsideration on December 21, 2010, in order to satisfy the 21 day deadline for motions for reconsideration. See MCR 7.313(E). Thus, defendants had to file their motion without having the opportunity to review and assess my dissenting statement. This wrongly deprived them of an opportunity to consider the thinking of the full Court in violation of our state constitution. [*Duncan*, ___ Mich at ___ (CORRIGAN, J. dissenting).]

Recognizing this error, defendants asked that the December 22, 2010 order serve as the final order granting plaintiffs' motion for reconsideration and that the 21 day time period for filing a motion for reconsideration run from December 22, 2010. They also sought to withdraw their December 21, 2010 motion for reconsideration and submit a new filing or supplement to their motion. Defendants argue that because of the release of additional statements on December 22, 2010, they lacked the complete reasoning of the Court and the opportunity to review the basis for the decision by each justice.

I agree with defendants' argument. I would grant their requested relief. Our court rules cannot control this situation because defendants were forced to file their motion for reconsideration without the full reasoning of this Court, contrary to our state constitution. It is axiomatic that our court rules cannot contravene our state constitution. As I stated in my dissent to the order denying defendants' motion for reconsideration of the November 30, 2010 order:

> [O]ur state constitution provides:
>
> Decisions of the supreme court, including all decisions on prerogative writs, shall be in writing and shall contain a concise statement of the facts and reasons for each decision and reasons for each denial of leave to appeal. *When a judge dissents in whole or in part he shall give in writing the reasons for his dissent.* [Const 1963, art VI, § 6 (emphasis added).]
>
> The majority contravenes this constitutional mandate by deciding a motion filed prior to the issuance of my constitutionally required reasons for dissenting. In my view, that my dissent has since been issued does not satisfy this provision because defendants had to file their motion prior to the issuance of my dissent in order to be timely under MCR 7.313(E).

Thus, the majority has diminished the protection of this constitutional provision by implementing a timeline that required defendants to file any motion for reconsideration without the benefit of my dissent. Further, "to act with speed can only be countenanced in situations where [this Court] nonetheless satisfies its duty [under Const 1963, art VI, § 6]." *Tung Gan Lee v City of Utica*, 83 Mich App 679, 684 n 2 (1978) (RILEY, P.J., dissenting) (discussing this Court's use of peremptory orders). The majority's haste has thus undermined our duty under our state constitution.

I believe that counsel for a losing party cannot properly decide whether to file a motion for reconsideration or what to include in such a motion without knowing where the entire Court stands on an issue. This necessarily includes having an opportunity to evaluate each Justice's position. Moreover, such an evaluation can only be made after each Justice has fully enunciated his or her position. Here, the majority's calculated handling of this case deprived the litigants of the reasoning of the full Court.

The majority's lack of restraint is especially troubling given that the electorate already decided on a newly composed Court in the November 2, 2010 election. Undaunted, the majority, now paced by the calendar alone, is content in its attempt to foreclose reconsideration. I believe that the majority's handling of this case belies the way an appellate court should function. Appellate courts should be marked by steadiness and consistency, not gamesmanship in a race against the clock.

Further, I believe that defendants could properly move to file a supplement to their current motion or again move for reconsideration despite the language of MCR 7.313(F). Specifically, MCR 7.313(F) provides that "[t]he clerk shall refuse to accept for filing any motion for reconsideration of an order denying a motion for reconsideration." It is axiomatic that our court rules cannot contravene our state constitution. Thus, the procedural bar in MCR 7.313(F) cannot properly be applied here, where defendants were forced to file their motion for reconsideration without the full thinking of the Court contrary to our state constitution, Const 1963, art VI, § 6. [*Id*.]

I disagree with the majority's assertion that because "[c]oncurring and dissenting statements are not binding authority and do not speak for the Court," defendants incorrectly posit that they lacked the reasoning of the full Court until December 22, 2010. Although such statements are not binding, this does not absolve the majority of the constitutional error described above. Further, to remedy this Court's noncompliance, we should deem our December 22, 2010 order as the final order and permit defendants to supplement their current motion or file an additional motion.

Lastly, regarding the majority's pronouncement that "No motion for reconsideration of this order will be entertained," I agree with Justice MARKMAN, who properly stated in his dissenting statement:

> [W]e remind the majority that, while it may bind this Court by its substantive decisions, it does not bind by its pronouncements as to controversies that have not yet been presented to the Court, i.e., motions for reconsideration that have not yet been filed. That is not how this Court's "judicial power" is exercised.

Although the majority provided no authority whatsoever for its pronouncement, MCR 7.313(E) would not bar defendants from filing a motion for reconsideration of this order. The court rule bars "motions for reconsideration of an order denying a motion for reconsideration." Because the order at issue does not deny a motion for reconsideration, the procedural bar of MCR 7.313(E) is simply irrelevant. Accordingly, I would grant defendants the relief they requested.

MARKMAN, J. (*dissenting*).

I dissent from the order denying defendants' motion for reconsideration, and defendants' motion to deem the December 22, 2010 order as the Court's final order. For the reasons stated in my statements of July 16, 2010 and November 30, 2010, I would grant defendants' motion for reconsideration, vacate this Court's order granting plaintiffs' motion for reconsideration, and reinstate this Court's July 16, 2010 order.

The procedural history of this case is unusual and raises legal issues of first impression. One such issue is whether, as Justice CORRIGAN argues, parties have a constitutional right to have dissents considered before having to file a motion for reconsideration. See Const 1963, art 6, § 6 ("When a judge dissents in whole or in part he shall give in writing the reasons for his dissent."). Here, given that Justice CORRIGAN's dissent was not issued until December 22, 2010 (with the issuance of her statement having been expressly contemplated by what this Court issued on November 30, 2010), defendants were never afforded such an opportunity.

Put another way, is a party entitled to assess whether to file a motion for reconsideration, and how most effectively to fashion his or her arguments in support of such a motion, only after having been fully apprised of where the entire "court" stands on the underlying issue, as opposed only to where some individual justices stand? Related to this, before a motion for reconsideration must be filed, is a party entitled to have the arguments of dissenting justices considered by the majority, so that the majority may possibly be persuaded by such arguments? Thus, the decisive issue of first impression— were defendants here required to file their motion for reconsideration within 21 days of November 30, 2010, or within 21 days of December 22, 2010?

These questions must be considered both in the context of the constitution, as Justice CORRIGAN asserts, and in the context of the court rules themselves. See MCR 7.313(E). In addition, assuming that either of these sources of the law afford a party the right to consider dissenting statements before being required to file a motion for reconsideration, what is the proper remedy where this right has not been afforded?

Unlike Justice CORRIGAN (who provides analysis for her position), and the majority (which provides no analysis for its contrary position), I have not yet reached a conclusion concerning what is required by the constitution or the court rules in these regards. I do, however, share Justice CORRIGAN's concerns about the propriety of the procedures followed by the majority in its determination to resolve these issues by December 31, 2010. See also, *MEA v Sec'y of State*, ___Mich ___, Section VI (2010) (Docket No. 137451) (MARKMAN, J., dissenting). Therefore, because I believe that defendants' motion, which we just received on December 28, 2010, raises legal issues of first impression, and because there are no emergency circumstances present here that require us to decide these issues within 48 hours of the motion, I would direct the parties to brief these issues and direct the Clerk to schedule oral argument at the earliest opportunity.

Concerning the majority's assertion that "no motion for reconsideration of this order will be entertained," we remind the majority that, while it may bind this Court by its substantive decisions, it does not bind by its pronouncements as to controversies that have not yet been presented to the Court, i.e., motions for reconsideration that have not yet been filed. That is not how this Court's "judicial power" is exercised.

Finally, with regard to the underlying motion for reconsideration in this case, I reaffirm my concern in allowing plaintiffs' class action to proceed. In particular, I reaffirm my concern that plaintiffs' claims: (a) threaten to have the judiciary override, and assume ongoing control, of Michigan's system of local control and funding of legal services for indigent defendants, despite the absence here of any constitutional violation; (b) threaten, in the words of the Court of Appeals, "a cessation of criminal prosecutions against indigent defendants," *Duncan v Michigan*, 284 Mich App 246, 273, 281 (2009); and (c) extend an open invitation to Michigan trial courts to assume ongoing operational control over the systems for providing defense counsel to indigent defendants in Berrien, Genesee and Muskegon counties, and with that an invitation to compel state legislative

appropriations, and executive branch acquiescence in such appropriations, in assuming similar judicial control over the criminal justice systems in every county of this state, while nullifying provisions of the criminal defense act and superseding the authority of the Supreme Court and the State Court Administrator.

YOUNG, J., joins the statement of MARKMAN, J.

MARY BETH KELLY, J., states as follows:

Pursuant to MCR 2.003(D)(3)(b), I am not participating in this decision because it involves the republication of an order that has already been issued.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 13, 2011 _____

_____
Clerk