CAVANAGH, J.
(dissenting). The issue presented in this case was decided more than a decade ago in People v Nix, 453 Mich 619; 556 NW2d 866 (1996). In that case, *26 this Court held that an acquittal for purposes of the Double Jeopardy Clauses of the Michigan and United States Constitutions occurs when a trial court evaluates the government’s evidence and determines that it is legally insufficient to sustain a conviction, regardless of whether the acquittal was based on an “ ‘egregiously erroneous foundation,’ ” id. at 630-631 (citation omitted), and including those cases in which the trial court was incorrect regarding whether a particular factor is actually an element of the charged offense, id. at 628. Although Nix was based on an application of United States Supreme Court precedent and precedent from this Court, today the majority effectively overrules Nix and, in doing so, diminishes the United States Supreme Court’s directive that “any contention that the Double Jeopardy Clause must itself. . . leave open a way of correcting legal errors is at odds with the well-established rule that the bar will attach” even “to a preverdict acquittal that is patently wrong in law.” Smith v Massachusetts, 543 US 462, 473; 125 S Ct 1129; 160 L Ed 2d 914 (2005) (emphasis added). Because Nix is harmonious with established United States Supreme Court precedent, I respectfully dissent from the majority’s decision to summarily disregard Nix.
I. DOUBLE-JEOPARDY JURISPRUDENCE
It is axiomatic that under both the state and federal constitutions, a defendant may not be twice put in jeopardy for the same offense. US Const, Am V; Const 1963, art 1, § 15. The underlying focus of the Double Jeopardy Clause is on a defendant’s exposure to the personal strain, embarrassment, and expense of a criminal trial more than once for the same offense. See United States v Scott, 437 US 82, 87; 98 S Ct 2187; 57 L Ed 2d 65 (1978), citing Green v United States, 355 US *27 184, 187-188; 78 S Ct 221; 2 L Ed 2d 199 (1957); Smalis v Pennsylvania, 476 US 140, 143 n 4; 106 S Ct 1745; 90 L Ed 2d 116 (1986). Accordingly, the guarantee against double jeopardy “ ‘protects against a second prosecution for the same offense after acquittal.’ ” United States v DiFrancesco, 449 US 117, 129; 101 S Ct 426; 66 L Ed 2d 328 (1980) (citation omitted). Notably, the United States Supreme Court has explained that “ ‘the most fundamental rule in the history of double jeopardy jurisprudence’ ” is that an acquittal “ ‘may not be reviewed,’ ” on error or otherwise, “ ‘without putting the defendant twice in jeopardy....’” Sanabria v United States, 437 US 54, 64; 98 S Ct 2170; 57 L Ed 2d 43 (1978), quoting United States v Martin Linen Supply Co, 430 US 564, 571; 97 S Ct 1349; 51 L Ed 2d 642 (1977) (citation and quotation marks omitted). Consistent with this notion, an acquittal is “absolute,” People v Anderson, 409 Mich 474, 483; 295 NW2d 482 (1980), regardless of whether the acquittal is “based on a jury verdict of not guilty or on a ruling by the [trial] court that the evidence is insufficient to convict. . ..” Scott, 437 US at 91.[1] The threshold question in these types of *28 cases, then, is whether a trial court’s ruling on a defendant’s motion for a directed verdict was, in fact, an acquittal. Smith, 543 US at 467.
To determine whether an acquittal actually occurred for purposes of a double-jeopardy analysis, a reviewing court must “determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged.” Martin Linen, 430 US at 571 (emphasis added). As the United States Supreme Court has explained, “what matters is that. . . the [trial] judge ‘evaluated the .. . evidence and determined that it was legally insufficient to sustain a conviction.’ ” Smith, 543 US at 469, quoting Martin Linen, 430 US at 572. Accordingly, an order entering a finding that the evidence was insufficient to sustain a conviction “meets the definition of acquittal that [the] double-jeopardy cases have consistently used. ...” Smith, 543 US at 468; see, also, Anderson, 409 Mich at 486; Nix, 453 Mich at 625-627; 630-631.
Notably, the United States Supreme Court has stated that the “fundamental nature” of the rule barring review of a verdict of acquittal is “manifested by its explicit extension” to situations in which an acquittal was based on an incorrect foundation. Sanabria, 437 US at 64 (emphasis added). On the basis of this extension, when a defendant is acquitted because of a determination that the evidence was insufficient to support a conviction, “there is no exception permitting retrial,” id. at 75, “even if the legal rulings underlying the acquittal were erroneous,” id. at 64, and “no matter how ‘egregiously erroneous’ . .. the legal rulings lead *29 ing to that judgment might be,” id. at 75, quoting Fong Foo v United States, 369 US 141, 143; 82 S Ct 671; 7 L Ed 2d 629 (1962); see, also, Arizona v Rumsey, 467 US 203, 211; 104 S Ct 2305; 81 L Ed 2d 164 (1984) (explaining that United States Supreme Court precedent establishes that an “acquittal on the merits bars retrial even if based on legal error”). Thus, “[t]he status of the trial court’s judgment as an acquittal is not affected” by a trial court’s legal error in interpreting governing legal principles: “ ‘[T]he fact that the acquittal may result from erroneous evidentiary rulings or erroneous interpretations of governing legal principles .. . affects the accuracy of that determination but it does not alter its essential character.’ ” Smalis, 476 US at 144 n 7 (emphasis added; citation and quotation marks omitted), quoting Scott, 437 US at 98, and citing Sanabria, 437 US 54, and Rumsey, 467 US 203.
In summary, the United States Supreme Court has repeatedly stated that a trial court’s “ruling that as a matter of law the State’s evidence is insufficient to establish [the defendant’s] factual guilt” is a “ ‘resolution, correct or not, of some or all of the factual elements of the offense charged’ ” and, therefore, constitutes an acquittal for purposes of the Double Jeopardy Clause. Smalis, 476 US at 144 & n 6. Further, that an acquittal was founded on an erroneous legal ruling is irrelevant: the trial court’s judgment of acquittal based on a finding of insufficient evidence, however erroneous, bars retrial. See id. at 145 n 7; Rumsey, 467 US at 211. Although I welcome the majority’s decision to embrace policy considerations for the purpose of this appeal, as the United States Supreme Court has explained, “[w]hat may seem superficially to be a disparity in the rules governing a defendant’s liability to be tried again is explainable by reference to the underlying purposes of the Double Jeopardy Clause.” Scott, 437 US *30 at 91. Specifically, the rule barring retrial after an acquittal is “justified on the ground that, however mistaken the acquittal may have been, there would be an unacceptably high risk that the Government, with it superior resources, would wear down a defendant, thereby ‘enhancing the possibility that even though innocent he may be found guilty.’ ” DiFrancesco, 449 US at 130 (emphasis added), quoting Green, 355 US at 188.
II. NIX IS HARMONIOUS WITH ESTABLISHED PRECEDENT
As the foregoing summary illustrates, the principles articulated in Nix are both founded on and harmonious with longstanding United States Supreme Court case-law. See Nix, 453 Mich at 624-632; see, also, People v Szalma, 487 Mich 708, 727-729; 790 NW2d 662 (2010) (CAVANAGH, J., concurring). Thus, Nix was not, as the majority asserts, based on faulty presumptions or misconstructions of United States Supreme Court precedent. Indeed, contrary to the majority’s position, it bears repeating that the United States Supreme Court “has never held that a trial court’s preverdict acquittal on the merits may be reversed because of a legal error.” Szalma, 487 Mich at 728 n 1 (CAVANAGH, J., concurring). Instead, as I have noted, the Court has repeatedly stated the opposite, without crafting the distinction that the majority creates today. In fact, the United States Supreme Court recently reaffirmed the principle that the Double Jeopardy Clause does not provide an exception for legal errors, even if the preverdict acquittal was “patently wrong in law.” Smith, 543 US at 473.
Accordingly, as explained in Nix, it is irrelevant for purposes of the Double Jeopardy Clause that an acquittal was founded on an erroneous interpretation of a governing legal principle. Nix, 453 Mich at 626-628, *31 630-631; see, also, Smalis, 476 US at 144 n 7. This is so regardless of whether the erroneous interpretation of the governing legal principle is based on an error in interpreting a statutory requirement or, as in this case, an error in determining the actual elements necessary to commit an offense. Szalma, 487 Mich at 728 n 2 (CAVANAGH, J., concurring), citing Rumsey, 467 US at 211.
Further, it elevates form over substance to make such a distinction, as the majority does today. In my view, Rumsey illustrates this point. In that case, a trial court misconstrued a statute defining an aggravating circumstance used for determining whether the death penalty was appropriate. Specifically, the trial court erroneously agreed with the defendant that the statute required the prosecution to prove beyond a reasonable doubt that the murder was a “contract-type” killing, rather than a murder committed during the course of a theft. Rumsey, 467 US at 205-207. Because the trial judge found that this aggravating circumstance was not present, the defendant’s life was spared. Id. at 206. Despite the trial court’s error in interpreting the statute, the United States Supreme Court affirmed the Arizona Supreme Court’s ruling that the defendant “had effectively been ‘acquitted’ of death at his initial sentencing,” id. at 208, holding that, although the trial court had relied on a misconstruction of the statute defining the aggravating circumstance, that error of law was of no avail to the prosecution for purposes of the Double Jeopardy Clause. Id. at 211.[2] Although Rumsey addressed the *32 proper interpretation of the statute’s requirements, as even the majority here concedes, the trial court in Rumsey required the prosecution to prove something that it was not otherwise required to prove: that the murder was a contract-type killing.
In my view, creating a distinction between improperly adding an element to an offense and misconstruing an actual element of a statute to require the prosecution to prove something extraneous — both situations in which the trial court, because of a legal error, technically determined that the government could not prove a fact that was not necessary to support a conviction— elevates form over substance. In addition, the majority’s distinction minimizes the United States Supreme Court’s general directive that the Double Jeopardy Clause does not provide an exception for legal errors, even if the acquittal is “patently wrong in law,” Smith, 543 US at 473, and “no matter how ‘egregiously erroneous’ . . . the legal rulings leading to that judgment might be,” Sanabria, 437 US at 75 (citations omitted).[3]
*33 Therefore, I disagree with the majority’s conclusion that an error in interpreting a statutory requirement should be treated differently from an error in interpreting the elements necessary for an offense: both errors constitute an erroneous interpretation of a governing legal principle, and both errors may involve a situation in which the trial court’s decision was “based on the prosecution’s failure to prove something that the law, properly understood, did not require it to prove.” Ante at 24; see, also, ante at 24 n 64.[4]
*34 III. NIX IS CONTROLLING PRECEDENT
Except for the composition of this Court, little has changed since the aforementioned principles were articulated in Nix well over a decade ago. Yet today the majority effectively overrules Nix without persuasively explaining why Nix and the United States Supreme Court decisions on which Nix was based should no longer control.[5] It is therefore clear that the current majority’s rationale is simply based on its unstated, yet apparent, preference for the approach advanced by the Nix dissent and United States v Maker, 751 F2d 614 (CA 3, 1984) — approaches that the Nix majority properly rejected as unpersuasive.[6]
Further, I disagree with the majority’s implicit conclusion that Nix, when viewed in its totality, does not control the outcome of this case. Rather, notwithstanding the majority’s apparent conclusion to the contrary, Nix addressed the situation presented in this case when it stated that a trial court’s determination that the evidence is insufficient to sustain a conviction constitutes an acquittal for double-jeopardy purposes and “precludes appellate inquiry into [the ruling’s] legal correctness,” Nix, 453 Mich at 627, regardless of *35 “whether ‘the acquittal was based upon an egregiously erroneous foundation’ ... or not,” id. at 631 (citation omitted); see, also, id. at 624-627; Anderson, 409 Mich at 483, 486. Thus, in my view, the majority errs by failing to consider Nix in its totality and, in selectively quoting Nix, conveniently turns a blind eye to the doctrine of stare decisis.
Even assuming arguendo that the majority is correct in classifying selected portions of Nix as dicta, the majority’s sudden decision to classify those portions of Nix as such stands in stark contrast to the majority’s treatment of Nix as “controlling” precedent and “compelling reversal” just two terms ago in a case that considered the exact issue raised in this appeal. Specifically, in Szalma, the majority explained that “this Court’s decision in Nix provides that a trial court’s erroneously added element of a crime does not negate the finality of its directed verdict,” Szalma, 487 Mich at 725, because a trial court’s “acquittal on the merits of the charged offense is final under the holding of Nix;” id. at 722; see, also, id. at 726 (stating that “[t]his Court held in ... Nix that an acquittal retains its finality .. . even when ‘the trial court is factually wrong with respect to whether a particular factor is an element of the charged offense’ ” and the “Court of Appeals erred by ruling otherwise”), quoting Nix, 453 Mich at 628; Szalma, 487 Mich at 727 (stating that the “trial court’s decision .. ., though premised on an erroneous understanding of the legal elements of the charged offense, nonetheless constituted ... a decision on the sufficiency of the evidence under Nix”). In so stating, the Szalma majority accurately explained that “Nix holds that such legal error precludes retrial,” id. at 710, that “Nix squarely compels a reversal,” id., and that “this Court’s decision in Nix clearly controls the outcome of this case,” id. at 720 n 21. In light of the Szalma majority’s *36 treatment of Nix as controlling precedent, I find the majority’s newfound conclusion that Nix is not binding precedent, and its attempts to distinguish Szalma’s treatment of Nix as such, both contradictory and disingenuous.
IV CONCLUSION
The new standard that the majority opinion adopts today effectively overrules Nix without a persuasive explanation of why Nix and the United States Supreme Court precedent on which it was founded should no longer control. In obfuscating these precedents and creating distinctions that simply do not appear to exist, the majority dismisses the fact that whether a trial court erred in its interpretation of the elements of the crime is irrelevant: the essential character of an acquittal is not altered, even if the acquittal results from “erroneous interpretations of governing legal principles . .. .” Smalis, 476 US at 144 n 7 (citations and quotation marks omitted). Because the United States Supreme Court has rejected “any contention that the Double Jeopardy Clause must itself. .. leave open a way of correcting legal errors,” Smith, 543 US at 473 (emphasis added), I dissent from the majority’s decision to summarily disregard Nix and the controlling precedent on which Nix is based. Accordingly, I would reverse the judgment of the Court of Appeals.
Marilyn Kelly, J., concurred with Cavanagh, J.

 The United States Supreme Court has further elaborated that it has “long held that the Double Jeopardy Clause of the Fifth Amendment prohibits reexamination of a court-decreed acquittal to the same extent it prohibits reexamination of an acquittal by jury verdict,” regardless of whether the judge’s ruling of acquittal comes in a bench trial or a jury trial. Smith, 543 US at 467 (emphasis added). The Court also explained that there is a “single exception to the principle that acquittal by judge precludes reexamination of guilt no less than acquittal by jury”: the prosecution can appeal to reinstate a jury’s verdict of guilty after a “trial judge (or an appellate court) sets aside that verdict and enters a judgment of acquittal... .” Id. That exception, however, is not applicable in this case. See, also, DiFrancesco, 449 US at 130 (stating that the Court “necessarily afford[s] absolute finality to a jury’s verdict of acquittal — no matter how erroneous its decision”) (citation and quotation marks omitted); Sanabria, 437 US at 64 n 18 (stating that “[i]t is without constitutional significance that the court entered a judgment of acquittal *28 rather than directing the jury to bring in a verdict of acquittal or giving it erroneous instructions that resulted in an acquittal”); cf. People v Ellis, 468 Mich 25; 658 NW2d 142 (2003).

 As I have stated before, the error in Rumsey was clearly related to the proper interpretation of the statute’s requirements, rather than a mere evidentiary error as the majority purports. Szalma, 487 Mich at 728 n 2 (Cavanagh, J., concurring). See, also, Smalis, 476 US at 145 n 8 (explaining that Rumsey involved “an erroneous construction of the [governing] law”). Further, it bears repeating that “the majority’s *32 discussion of whether the errors in certain cases should be characterized as evidentiary errors is irrelevant because . . . the United States Supreme Court has repeatedly stated” that the Double Jeopardy Clause precludes retrial when there has been an acquittal on the merits “regardless of either evidentiary errors or erroneous interpretations of governing legal principles.” Szalma, 487 Mich at 728 n 2 (Cavanagh, J., concurring).

 In light of the United States Supreme Court’s broad assertion that “any contention that the Double Jeopardy Clause must itself. . . leave open a way of correcting legal errors is at odds with the well-established rule that the bar will attach to a preverdict acquittal that is patently wrong in law,” Smith, 543 US at 473 (emphasis added), I disagree with the majority’s assertion that the Court’s statement in Smith does not apply in this case. See, also, Sanabria, 437 US at 64 (stating that the “fundamental nature” of the rule barring review of a verdict of acquittal is “manifested by its explicit extension to situations where an acquittal is ‘based upon an egregiously erroneous foundation’ ”) (emphasis added), quoting Fong Foo, 369 US at 143. Accord *33 ingly, the United States Supreme Court has clearly and emphatically stated that the bar to retrial attaches even when the acquittal itself is legally wrong or based on an incorrect foundation, notwithstanding the majority’s assertions to the contrary in this case. See ante at 23 n 64 (stating that Smith does not apply because the Court had already concluded that an acquittal had occurred and asserting that this case does not involve an erroneous interpretation of a governing legal principle because the trial court opted to “invent a governing principle”); see, also, Smith, 543 US at 467-468 (stating that an order entering a finding that the evidence was insufficient to sustain a conviction “meets the definition of acquittal that [the] double-jeopardy cases have consistently used: It ‘actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged.’ ”), quoting Martin Linen, 430 US at 571 (emphasis added); Smalis, 476 US at 144 (stating that a “ruling that as a matter of law the State’s evidence is insufficient to establish [a defendant’s] factual guilt” is an acquittal under the Double Jeopardy Clause); Anderson, 409 Mich at 486 (same).

 The Nix Court is not the only court to hold that it makes no difference for double- jeopardy purposes whether the trial court ruled that there was insufficient evidence related to a required element of the offense or whether there was insufficient evidence related to an erroneously added element. See Carter v State (On Remand), 365 Ark 224, 228-229; 227 SW3d 895 (2006) (holding that, under Smith, regardless of a trial court’s legal error, the trial court’s determination that there was a lack of evidence on the charged offense resulted in an acquittal for double jeopardy purposes and, in so holding, rejecting the state’s argument that Smith was “distinguishable” because, “unlike in Smith, where the trial judge ruled that proof of a required element of the charged offense was lacking,” in Carter “the State was required to prove an additional element that the statute [did] not require”).

 This is not the first time that this Court has been asked to reconsider Nix. See, e.g., People v Limmer, 461 Mich 974 (2000); People v Robinson, 470 Mich 874 (2004) (granting leave to appeal to consider whether Nix was “properly decided”), vacated 473 Mich 878 (2005). Thus, this Court has had the opportunity to review the aforementioned precedents on at least two other occasions, yet decided not to overrule Nix. I would continue this practice of adhering to Nix because, as noted, Nix is consistent with United States Supreme Court precedent.

 Although it is apparent that the majority’s opinion is influenced by Maker, the majority fails to explain why Maker should now govern despite Nix’s rejection of it more than a decade ago. Notably, it does not appear that Maker even addressed United States Supreme Court precedent, such as Sanabria, regarding the effect of legal errors leading to a judgment of acquittal.