

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–13–934

| | | |
|---|---|---|
| JERRY FOSHEE | | Opinion Delivered May 21, 2014 |
| | APPELLANT | APPEAL FROM THE POPE COUNTY CIRCUIT COURT [NO. CR–2012-522] |
| V. | | |
| | | HONORABLE WILLIAM PEARSON, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## JOHN MAUZY PITTMAN, Judge

After a jury trial, appellant was found guilty of first-degree terroristic threatening and was sentenced to three years' imprisonment in the Arkansas Department of Correction. He argues that the trial court erred in admitting the victim's testimony that she was actually frightened, and that the evidence was insufficient to prove that his utterance was intended to cause intense fright in the victim. We affirm.

We first address the sufficiency of evidence because an appellant's right to freedom from double jeopardy requires a review of the sufficiency of the evidence prior to a review of any asserted trial errors. *Carter v. State*, 360 Ark. 266, 200 S.W.3d 906 (2005). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Id*. In reviewing the sufficiency of the evidence, this court views the evidence in a light most favorable to the State and considers only the evidence that supports the verdict. *Id*.

Viewed in that light, the record shows that appellant was being represented by the Pate & Swain law firm in Russellville in connection with a child-visitation issue. While speaking on the telephone to a secretary of that firm, Jennifer Maladier, appellant became increasingly angry and profane when told that no hearing date had yet been set and that his attorney was out of the office. Ms. Maladier testified that appellant responded to that information by "ranting and raving and cussing at me and getting louder," then became quieter, changed his tone, and said "I'll kill Judge McCain [the circuit judge assigned to appellant's visitation case]. That's what I'll do. I'll just go kill Judge McCain." Over objection, Maladier was permitted to testify that she had been personally frightened for her own safety and that of Judge McCain by appellant's threat to kill Judge McCain. Appellant was convicted of committing terroristic threatening against Maladier by threatening to kill Judge McCain. Appellant argues that the evidence was insufficient to show that it was appellant's intent to terrorize Maladier by threatening to kill Judge McCain. We do not agree.

To sustain a conviction for first-degree terroristic threatening, the State must prove that the defendant acted with the purpose of terrorizing another person by threatening to cause serious death or serious physical injury to another person. Ark. Code Ann. § 5-13-301(a)(1)(A) (Repl. 2013). One acts "purposely" with respect to his conduct or the result of his conduct when it is his "conscious object to engage in conduct of that nature or to cause such a result." Ark. Code Ann. § 5-2-202(1) (Repl. 2013). "Terrorizing" has been said to mean "to fill the victim with intense fright." *See Knight v. State*, 25 Ark. App. 353, 758 S.W.2d 12 (1988). The statute does not require that the threat be communicated by the

accused directly to the person threatened, and there is no requirement that the terrorizing continue over a prolonged period of time. *Id.* Nor does the statute require that it be shown that the accused had the immediate ability to carry out the threat. *Id.*

Appellant argues that any threat that he may have made was directed against Judge McCain, rather than Ms. Maladier, and that Ms. Maladier could not be a victim of any such threat. We do not agree. We think that threats against the listener may be communicated by angry outbursts, tone of voice, and death threats against third parties. It has been held that no precise words are necessary to convey a threat to injure a person, and that it may be done by innuendo or suggestion as well as by blunt speech. *See*, *e.g.*, *Griffin v. U.S.*, 861 A.2d 610 (D.C. 2004). Moreover, our terroristic-threatening statute does not require that the "victim" be the same person whose life or safety is being expressly threatened. One commits the offense if, "with the purpose of terrorizing *another person*, [the actor] threatens . . . *another person*." Ark. Code Ann. § 5-13-301(a)(1)(A). A defendant can intend to terrorize one person by making threats against another person. We cannot say on this record that the jury could not reasonably find that appellant's threat to kill Judge McCain was in fact intended to terrorize Ms. Maladier.

Nor do we think that the trial court erred in admitting Ms. Maladier's testimony that appellant's words put her in fear for her safety and that of Judge McCain. Appellant's objection at trial was that whether Ms. Maladier was actually frightened was irrelevant because it is not necessary for the victim of a threat to in fact be terrorized. *See Lowry v. State*, 364 Ark. 6, 216 S.W.3d 101 (2005). However, it does not follow from the fact that actual fright

need not be proved that the victim's state of mind is irrelevant. A criminal defendant's state of mind is seldom capable of proof by direct evidence and thus normally must be inferred from the evidence, including the type and nature of trauma suffered by the victim. *Hooks v. State*, 2013 Ark. App. 728. Whether evidence is relevant such that it has tendency to make the existence of any fact that is of consequence to determination of the action more probable or less probable than it would be without the evidence is a matter of discretion for trial court, whose determination is entitled to great deference. *Hoodenpyle v. State*, 2013 Ark. App. 375. We will not disturb a trial court's determination of the admissibility of evidence absent an abuse of discretion. *Id.* On this record, we cannot say that the trial court abused its discretion in permitting Ms. Maladier to testify concerning her state of mind after hearing appellant's threat.

Affirmed.

HIXSON and WOOD, JJ., agree.

*John Burnett*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., and *Lindsay Bridges*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.