

Cite as 2015 Ark. App. 471

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–14-1115

|  |  |
|---|---|
| DAVID C. EGGER<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **OPINION DELIVERED** SEPTEMBER 16, 2015<br><br>APPEAL FROM THE POLK COUNTY CIRCUIT COURT [NO. CR–2012-155-1]<br><br>HONORABLE J.W. LOONEY, JUDGE<br><br>AFFIRMED |

## ROBERT J. GLADWIN, Chief Judge

David C. Egger appeals the revocation of his probation in the Polk County Circuit Court on September 8, 2014. He claims that the circuit court erred in finding that there was a preponderance of evidence that he inexcusably failed to comply with a condition of his probation. We affirm.

Egger pled guilty to two counts of forgery on April 10, 2013, and he was sentenced to twenty-four months' probation, subject to the following conditions: (1) payment of $1791 in fines and costs; (2) committing no offense punishable by imprisonment; (3) reporting to the probation office on a regular basis; . . . (6) working faithfully at suitable employment; . . . (8) obtaining permission from probation before moving his address; (9) submitting to search; . . . (12) undergoing drug and alcohol treatment as directed; . . . (16) refraining from using or possessing any scheduled controlled substance; . . . (20) performing eighty hours of community service work for each twelve-month period of probation; . . . (24) paying a

SLIP OPINION

probation supervision fee of $25 per month. The State filed an amended petition for revocation on August 20, 2014, alleging that Egger failed to comply with these provisions.

At the revocation hearing, Frank Gibson, a probation and parole agent for Arkansas Community Correction, testified that he began supervising Egger on April 10, 2013. He said that Egger had failed to make any payments on his fines and fees and that he had been charged with residential burglary and second-degree sexual assault in July 2014. He stated that Egger did not report as directed, failing to report for May, June, and July 2014. He testified that Egger had not worked at suitable employment or reported employment to him since September 2013. He said that Egger did not obtain permission to change his residence or address and that, by not reporting where he was living, he had violated the condition that he would submit to a search of his person, property, or residence.

Gibson explained that Egger was dismissed from substance-abuse treatment classes on September 26, 2013, for failure to comply; thus, Egger violated the condition that requires drug-and-alcohol counseling as directed. He stated that when Egger tested positive for amphetamines on June 20, 2013; positive for amphetamines and marijuana on July 18, 2013; and positive for amphetamines on August 15, 2013, he violated the condition that requires probationers to refrain from the use of controlled substances. Gibson testified that Egger had not completed his community service, as nothing had been "turned in" to reflect his service, and had not paid his probation-supervision fee of $35 per month as required, having a balance of $105 at the time of the hearing.

Haley Watts testified that she had been awakened in the night by Egger, who was rubbing her back and then had his hand under her panties, touching her bottom. When she jumped up from the couch, she saw that the door was open and she retrieved her father, David Watt. She and her father found Egger in her bedroom, where she saw him with a flashlight shined on his face. When her father began to hit him with the flashlight, Egger said, "No, Dougass, it's me, Chase." She said her father chased him out the front door. She stated that their electricity had been turned off at the electrical pole by someone other than her parents.

David Watts testified that his daughter woke him, saying that somebody was in the house and that "they touched [her]." He said that his wife found a flashlight, and he used it to search the house. He found Egger behind the door in his daughter's room. He said that he had known Egger since Egger was five years old. He said that when he began hitting Egger with the flashlight, Egger said, "No, Dougass, it's me, Chase." He said that he pushed Egger down the hallway, and Egger ran out. He later discovered that the lights did not work because somebody had cut the power off at the pole. He also discovered that his wife's key to the house was missing from her key chain and that things around his house had been tampered with for about a week and half before the incident. He said that since Egger had been arrested, there had been no more incidents at his home.

The circuit court revoked Egger's probation and sentenced him to 120 months' imprisonment in the Arkansas Department of Correction. A timely notice of appeal was filed on September 30, 2014, and this appeal followed.

SLIP OPINION

SLIP OPINION

In a revocation proceeding, the trial court must find by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her suspension or probation, and on appellate review, we do not reverse the trial court's decision unless it is clearly against the preponderance of the evidence. *Flemons v. State*, 2014 Ark. App. 131; Ark. Code Ann. § 16-93-308(d) (Supp. 2013). Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for a probation or suspended-sentence revocation. *Bradley v. State*, 347 Ark. 518, 65 S.W.3d 874 (2002). Since determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the trial court's superior position. *Id.* Furthermore, the State need only prove that the appellant committed one violation of the conditions in order to revoke appellant's sentence. *Peals v. State*, 2015 Ark. App. 1, 453 S.W.3d 151.

*Henderson v. State*, 2015 Ark. App. 411, at 6–7, ___ S.W.3d ___, ___.

In arguing that the circuit court erred in finding by a preponderance of evidence that Egger inexcusably failed to comply with a condition of his probation, Egger refutes the findings regarding each condition. First, he contends that, even though Gibson stated that Egger failed to pay his fines and costs, he also stated that there was a lot of unemployment and that people cannot pay their fines and costs if they do not have any money. Egger then reasons that Gibson's remark could show that Egger did not inexcusably violate the conditions to pay his fines and costs, report to the probation office, work faithfully at suitable employment, perform eighty hours of community service, and pay his probation-supervision fees if he did not have a job or money to do these things.

The State contends that, after it presented evidence of Egger's failure to pay, the burden shifted to him to provide a reasonable excuse for his failure. *Trotter v. State*, 2015 Ark. App. 408, ___ S.W.3d ___. The State maintains that the record is void of any explanation by Egger for his noncompliance. We agree. Because Egger failed in his burden of production on this point, we need not address Egger's other arguments on appeal. The

4

State need  only prove that the appellant committed one violation of the conditions in order to revoke appellant's probation.  *Henderson*, *supra*.  Accordingly, we affirm.

Affirmed.

WHITEAKER and HOOFMAN, JJ., agree.

*Randy Rainwater*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Driver Younger*, Ass't Att'y Gen., for appellee.