

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–15–594

| | |
|---|---|
| MARLO HARRIS   APPELLANT | **OPINION DELIVERED** JANUARY 20, 2016 |
| | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. CR–14–723] |
| V. | |
| | HONORABLE BRENT DAVIS, JUDGE |
| STATE OF ARKANSAS   APPELLEE | AFFIRMED |

### ROBERT J. GLADWIN, Chief Judge

Appellant, Marlo Harris, appeals from his conviction by the Craighead County Circuit Court on a charge of domestic battery in the second degree. He challenges the sufficiency of the evidence supporting his conviction. We affirm.

The victim in the case, Christie Kidd, had been in a relationship with appellant for over a year. She testified that on the evening of May 30, 2014, approximately a week after the couple broke up, appellant jumped her and struck her on the head several times and on the hand at least once. She testified that on the evening of May 30, 2014, she recognized appellant's voice and that she could see him because of a nearby streetlight.

Appellant testified that he had been in the Tunica/Robinsonville, Mississippi, area for a combined celebration of a birthday party and elementary-school graduation on May 28, 2014, and that he remained with family in the area until June 8, 2014. He testified that

he obtained a ride from Jonesboro to Tunica on May 28, 2014, from his estranged wife, Natasha Harris, and although she confirmed that she had given him a ride that day, she also testified that she did not know his transportation situation after she dropped him off there.

Appellant testified that Ms. Kidd was angry at him for breaking up with her and that this allegation was her attempt at vindication. He also testified that he believed that Ms. Kidd was seeing several people at one time and alleged that one of them had hurt her before and had probably committed this act. Ms. Kidd did acknowledge that she texted appellant pictures and texts to make him mad. But when asked for detail, she did not remember what she had sent to him.

At the bench trial, the circuit court denied appellant's motion to dismiss and ruled that (1) the elements for conviction of domestic battery in the second degree were met by the State, and (2) the credibility of the victim was such that she was unequivocal and believable. The circuit court relied on Ms. Kidd's testimony that she recognized appellant's voice and that she was able to see him because of a streetlight near the scene of the attack.

Appellant was convicted of domestic battering in the second degree, a Class B felony, and sentenced to eighteen months in the Arkansas Department of Correction, followed by a suspended sentence of sixty months. Appellant was ordered to pay $236 in court costs, $250 to the Public Defender Commission, $250 for a DNA fee, and a $20 booking fee, all pursuant to a sentencing order filed on April 17, 2015. A timely notice of appeal was filed on May 14, 2015.

A motion to dismiss at a bench trial is a challenge to the sufficiency of the evidence. *Tennant v. State*, 2015 Ark. App. 81. On appeal, this court reviews the evidence in the light

most favorable to the State, considering only the evidence that supports the conviction. *Toombs v. State*, 2015 Ark. App. 471. This court will affirm a conviction if there is substantial evidence to support it, which is evidence of sufficient force and character that it will compel a conclusion with reasonable certainty. *Id.* Determinations of credibility and the weight of the evidence are matters for the circuit court and not for this court to decide on appeal. *Cosey v. State*, 2014 Ark. App. 441, 439 S.W.3d 731. A judge at a bench trial is free to believe all or part of a witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.*

Appellant argues that the circuit court erred by failing to grant his motion to dismiss and specifically by finding that he committed the act of domestic battery in the second degree when appellant produced testimony that he had been in the Tunica/Robinsonville, Mississippi, area when the act was committed. Arkansas Code Annotated section 5-26-304(a)(1) (Repl. 2013) provides that a person commits second-degree domestic battering if, with the purpose of causing serious physical injury to a family or household member, the person causes serious physical injury to a family or household member.

In the instant case, appellant did not contest that Ms. Kidd received a serious injury; rather, he contested that he was the one who committed the act. Because Ms. Kidd admitted that she had been angry with appellant both before their break up, based on his allegedly seeing other women, as well as after their break up, appellant claims that the circuit court should have considered this a case of vengeance by Ms. Kidd and ruled that the evidence supporting appellant's claims that he was in another state was a viable defense and a basis on which to grant his motion to dismiss.

We disagree and hold that substantial evidence supports appellant's conviction for domestic battering in the second degree. The issue before us is solely one of credibility. Although appellant claims that he was not in Arkansas the night of the assault, the circuit court did not find his alibi credible.

The following evidence supports the conviction. Appellant and the victim, Ms. Kidd, maintained a romantic relationship for over a year, cohabitating from late 2013 until May 2014. On May 22, 2014, Ms. Kidd told appellant that she intended to discontinue their relationship because he frequently came home too late at night and she was "tired of it." Despite ending their relationship, appellant did not move his property out of the apartment he shared with Ms. Kidd and her family.

On May 28, 2014, Ms. Kidd testified that appellant was absent from the apartment when she returned from work, but his belongings were still there. She explained that she did not see appellant again until Friday, May 30, 2014. Ms. Kidd testified that on that date, at approximately 10:00 p.m., appellant attacked her as she was walking back to her apartment from visiting a neighbor. There was enough streetlight and external apartment lighting for Ms. Kidd to visually identify her assailant as appellant. Ms. Kidd also recognized appellant's voice. In her attempt to escape, Ms. Kidd slipped in some mud. While Ms. Kidd was on the ground, appellant beat her with a black object. Appellant struck Ms. Kidd five or six times, causing severe bleeding from the back of her head and from a gash in her hand. When Ms. Kidd exclaimed that appellant was killing her, appellant ran to a getaway vehicle and left the scene. Ms. Kidd called 911 minutes later and identified her attacker as appellant.

The laceration to the back of Ms. Kidd's head required staples, and the gash in her hand required stitches. The beating also caused a hematoma (the swelling of subcutaneous tissue resulting from internal bleeding) to form on Ms. Kidd's head. Ms. Kidd has not worked since the incident. Larry Towell, the registered nurse who treated her injuries at the emergency room, testified that the laceration to the back of her head and resulting hematoma constituted serious physical injuries.

Viewing the evidence in the light most favorable to the State, appellant was a member of Ms. Kidd's household who intentionally and seriously injured Ms. Kidd, and his conviction was supported by substantial evidence. Although appellant provided an alibi to the circuit court, the circuit court was not required to believe it. Just as in *Houpt v. State*, 249 Ark. 485, 459 S.W.2d 565 (1970), when there is testimony on either side placing the appellant in two different locations, the fact-finder maintains the authority to choose what testimony to believe. Substantial evidence supports appellant's conviction; accordingly, we affirm.

Affirmed.

ABRAMSON and BROWN, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., and *Rafael Gallaher*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the Supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.