



# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–15–539

| | |
|---|---|
| TRENCIE OLIVER | **Opinion Delivered** June 22, 2016 |
| APPELLANT | |
| | APPEAL FROM THE PULASKI |
| V. | COUNTY CIRCUIT COURT, |
| | FOURTH DIVISION |
| | [NO. 60CR-14-1889] |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE HERBERT THOMAS |
| | WRIGHT, JUDGE |
| | |
| | AFFIRMED |

## BART F. VIRDEN, Judge

The Pulaski County Circuit Court convicted appellant Trencie Oliver of second-degree unlawful discharge of a firearm from a vehicle and possession of a firearm by certain persons. He was sentenced as a habitual offender to thirty years' imprisonment for each conviction with those sentences running concurrently. On appeal, Oliver argues that (1) the trial court erred in denying his motion to dismiss, (2) the State destroyed potentially exculpatory evidence, and (3) the trial court erred in its admission of evidence. We affirm.[1]

---

[1]This case was previously before this court but was remanded for clarification and correction of the sentencing order. *Oliver v. State*, 2016 Ark. App. 81. After supplementing the addendum, as directed by this court, counsel included a statement advising this court that the sentencing order contained "a mere clerical error" and therefore should not have been remanded. As we attempted to explain before, the error on the original sentencing order indicated that appellant was appealing from a guilty plea, which would mean that this court lacked jurisdiction to hear the case as there is generally no right to appeal from a guilty plea. Counsel has provided us with a string cite of cases involving clerical errors on sentencing orders that did not deprive this court of jurisdiction. *See Reed v. Hobbs*, 2012 Ark. 61 (failure

I.  *Trial Testimony*

Sergeant Andre Dyer with the Little Rock Police Department testified that on the evening of May 9, 2014, he was working "saturation detail" in an area near the intersection of University Avenue and Colonel Glenn Road/Asher Avenue. Dyer described this intersection as "well lit." Dyer was sitting at a red light behind one other vehicle on Colonel Glenn facing east and was in the inner of two northbound turn lanes. Dyer stated that there were two lanes to turn left off of University and onto Colonel Glenn and that there was a GMC truck in the inner lane closest to his patrol vehicle. As the truck turned onto Colonel Glenn, Dyer saw the driver stick his left arm out of the window and fire three rounds into the air. Dyer stated that he could clearly see the firearm.

Dyer testified that other vehicles had come to a stop, allowing him to turn around and pursue the truck, which eventually turned into the parking lot of an apartment complex and parked next to a dumpster. According to Dyer, a man later identified as Trencie Oliver exited the truck from the driver's side and immediately began screaming at the officer and asking why he had been stopped. Dyer testified that, at the same time, a person later identified as Gregory Oliver (Gregory) exited from the passenger's side and placed something

to check box to reflect status as habitual offender); *Vance v. State*, 2011 Ark. 243, 383 S.W.3d 325 (scrivener's errors involving dates on which offenses were committed and imposition of 480 months' imprisonment, instead of life sentence); *Kendrick v. State*, 2013 Ark. App. 716 (failure to check box under "Legal Statements"); *Brown v. State*, 2012 Ark. App. 593 (error reflecting conviction was for misdemeanor—instead of felony—first-degree criminal mischief). Counsel's reliance on these cases is misplaced because the errors at issue had nothing whatsoever to do with jurisdiction and therefore obviously did not deprive this court of jurisdiction. Not every error on a sentencing order bears on this court's jurisdiction to hear an appeal. This one did.

behind the dumpster. Dyer ordered them to return to the vehicle. Another officer searched near the dumpster and found a black revolver containing three live rounds and three shell casings. According to Dyer, it was the same firearm that he had seen being discharged from the truck. Dyer testified that both men were transported to the precinct and that he heard Oliver tell Gregory to "keep [his] damn mouth shut." Defense counsel moved for dismissal at the close of the State's case, and the trial court denied the motion.

Oliver then took the stand in his own defense and testified that, when he arrived home from work on May 9, 2014, he was confronted by his wife complaining that his nephew, Gregory, had called her names, had acted "crazy," and had scared their grandchildren. Oliver agreed to take Gregory to a relative's home. On the way there, Gregory was speaking angrily on a cell phone with someone and began beating the dashboard of Oliver's truck. Oliver yelled at Gregory to stop. Oliver said, "The next thing I know, [Gregory] come up and just went boom, boom, boom, and I saw a blue light at the Kum & Go."

Gregory testified that he gave a statement to the police the night he and Oliver were arrested. According to Gregory, he had told an officer, "Officer, I didn't have a gun. I didn't see no gun. I'm not a snitch." When the officer asked who had fired the gun, Gregory told him that Oliver had done it but that "he was just shooting in the air." Louise Taylor, Oliver's sister, testified that, when she spoke with Gregory later that night, he told her that the police had stopped him and Oliver "for nothing" in that they had been only "playing" by "shooting a gun up in the sky."

3

Defense counsel renewed his motion to dismiss on the same grounds as those asserted at the close of the State's case. The motion was again denied, and Oliver was convicted of second-degree unlawful discharge of a firearm and possession of a firearm by certain persons.

II.    *Arguments and Discussion*

A.    Sufficiency of the Evidence

A motion to dismiss at a bench trial is a challenge to the sufficiency of the evidence. *Harris v. State*, 2016 Ark. App. 23, 480 S.W.3d 229. On appeal, this court views the evidence in the light most favorable to the State, considering only the evidence that supports the conviction. *Id*. This court will affirm a conviction if there is substantial evidence to support it, which is evidence of sufficient force and character that it will compel a conclusion with reasonable certainty. *Id*. Determinations of credibility and the weight of the evidence are matters for the circuit court and not for this court to decide on appeal. *Id*. A judge at a bench trial is free to believe all or part of a witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id*.

Oliver argues that the standard of appellate review for civil and criminal bench trials should be the same. Specifically, he objects to the substantial-evidence standard because the appellate court considers only the evidence that supports the verdict, while ignoring evidence favorable to the defense. Oliver would like to have all of the evidence reviewed for clear error; however, this court rejected a similar argument in *Hinton v. State*, 2010 Ark. App. 341. The Arkansas Supreme Court has established that the substantial-evidence standard of review applies to criminal bench trials. *See, e.g.*, *Thornton v. State*, 2014 Ark. 157, 433 S.W.3d 216.

SLIP OPINION

This court cannot overrule precedent handed down by our supreme court. *Conway v. State*, 62 Ark. App. 125, 969 S.W.2d 669 (1998). Oliver maintains that the evidence supporting his convictions was insufficient under either standard. We disagree.

1. *Unlawful discharge of a firearm from a vehicle*

A person commits unlawful discharge of a firearm from a vehicle in the second degree if he recklessly discharges a firearm from a vehicle in a manner that creates a substantial risk of physical injury to another person or property damage to a home, residence, or other occupiable structure. Ark. Code Ann. § 5-74-107(b)(1) (Repl. 2016).

Oliver argues that it was Gregory who fired the shots from the vehicle; however, Oliver did not raise this particular argument in his motion to dismiss. In a nonjury trial, a motion for dismissal shall state the specific grounds therefor, and the failure to challenge the sufficiency in this manner will constitute a waiver of any question pertaining to sufficiency of the evidence to support a verdict. Ark. R. Crim. P. 33.1(b), (c). Rule 33.1 is strictly construed. *Doty v. State*, 2015 Ark. App. 193. Although this point was raised during Oliver's closing argument, a closing argument cannot substitute for a motion to dismiss. *Evans v. State*, 2010 Ark. App. 621 (holding that issue of self defense was waived where appellant raised it in closing argument but did not move for dismissal at any time). This court has held that a dismissal argument made during a closing argument does not preserve a challenge to the sufficiency of the evidence, even in a bench trial. *Doty*, *supra*. Because Oliver's argument is not preserved, we do not address it. *Houston v. State*, 82 Ark. App. 556, 120 S.W.3d 115 (2003).

Oliver also argues that Dyer's account of the events should not be believed, and he points out perceived weaknesses in the sergeant's testimony. Oliver's credibility argument is likewise not preserved because it was not mentioned in his motion to dismiss. Ark. R. Crim. P. 33.1(c).

Oliver argues on appeal, as he argued below, that the firearm was not discharged in a manner that created a substantial risk of physical injury or property damage because it was fired into the air. We disagree. There was testimony that the discharge occurred at a busy intersection, that other drivers were present at the time, and that several businesses were located nearby. In addition, photographs were introduced showing nearby residences as well. In closing argument, the prosecutor pointed out that "[c]ommon sense says what goes up must come down." We agree that gravity was a factor, and given the evidence adduced at trial, we conclude that firing a gun into the air was indeed reckless and created a substantial risk of physical injury and/or property damage. Accordingly, we hold that there was substantial evidence to support Oliver's unlawful-discharge conviction, and we affirm.

Oliver also argues that section 5-74-107 is clearly directed at gang-related activity because it is an offense under the Arkansas Criminal Gang, Organization, or Enterprise Act, codified at Ark. Code Ann. §§ 5-74-101 to -108. We recently rejected a similar argument in *Morgan v. State*, 2016 Ark. App. 31, 480 S.W.3d 867. *See also State v. Zawodniak*, 329 Ark. 179, 946 S.W.2d 936 (1997), *overruled on other grounds by Carter v. State*, 365 Ark. 224, 227 S.W.3d 895 (2006)) (holding that plain language of section 5-74-106, although part of the Arkansas Criminal Gang, Organization, or Enterprise Act, did not require proof of gang



activity). Because gang activity was not an element of this offense, we reject Oliver's argument.

### 2. *Prohibited possession of a firearm by certain persons*

No person who has been convicted of a felony shall possess or own a firearm. Ark. Code Ann. § 5-73-103(a)(1). Oliver did not challenge the sufficiency of the evidence concerning this conviction in his motion for dismissal as required by Ark. R. Crim. P. 33.1(b), (c). Therefore, his argument is not preserved for review, *Houston*, *supra*, and we affirm his conviction.

### B. Admission of Mishandled Evidence

We will address Oliver's second and third points together. At trial, there was testimony that several police officers at the scene had handled the gun, live rounds, and shell casings without wearing gloves. Subsequent fingerprint testing was inconclusive in that no latent prints could be obtained. There was testimony from one of the police officers that he did not perform a gunshot residue (GSR) test because one was not readily available to him. Oliver did not request any relief beyond exclusion of the revolver, live rounds, and shell casings, and he sought no relief in connection with the State's failure to conduct GSR testing.

The State is required to preserve only evidence that is expected to play a significant role in the defense, and then only if the evidence possesses both an exculpatory value that was apparent before it was destroyed and a nature such that the defendant would be unable to obtain comparable evidence by other reasonably available means. *Lewis v. State*, 2012 Ark.

App. 184, 396 S.W.3d 775. To prove a due-process violation based on the destruction of potentially useful evidence, the defendant must show bad faith on the part of the State. *Id*.

Oliver argues that, with the exception of the first officer who secured the weapon for safety, the police officers acted in bad faith by tainting and destroying evidence and by preventing potentially exculpatory evidence from being created. At trial, defense counsel objected to admission of the revolver and its contents on the bases that the officers had destroyed potentially exculpatory evidence and had prevented satisfactory fingerprint testing. Oliver did not allege bad faith on the part of the officers below and cannot raise it for the first time on appeal. *Houston*, *supra*. A party cannot change the grounds for an objection but is bound by the scope and nature of the arguments made at trial. *Gaines v. State*, 340 Ark. 99, 8 S.W.3d 547 (2000).

In any event, there was no indication that the officers made "a conscious effort to suppress exculpatory evidence." *California v. Trombetta*, 467 U.S. 479 (1984). To the extent that Oliver alleges a violation of his due-process rights, *Arizona v. Youngblood*, 488 U.S. 51 (1988), provides that, unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law.

We now turn to admission of the revolver, live rounds, and shell casings. The trial court has wide discretion on rulings concerning admissibility of evidence. *Lee v. State*, 340 Ark. 504, 11 S.W.3d 553 (2000). The appellate courts will not reverse a trial court's ruling on the admission of evidence absent an abuse of discretion; nor will they reverse absent a

showing of prejudice. *Gaines*, *supra*.

Oliver argues that the prejudice he suffered was "self-evident" and maintains that "[h]ad the officers appropriately handled the critical evidence after it was secured, rather than three other officers smearing their fingerprints all over it, [Oliver's] some-other-dude-did-it defense would have prevailed or failed with exponentially more certainty than the weak evidence present in this case."

Admission of the evidence did not hurt Oliver because it did nothing to assist the State in proving *who* had fired the gun, which was the crux of the case. The evidence only corroborated Dyer's account of having seen a revolver being fired from Oliver's truck and soon afterward finding that same revolver near a dumpster where the truck's passenger was seen putting it, and it bolstered Dyer's testimony that three shots had been fired. Oliver, however, admitted as much at trial. He conceded that there was a gun inside his truck and that it had been fired three times. The evidence was thus cumulative to his own testimony.

Moreover, exclusion of the evidence—the only relief sought—would not have provided Oliver with exculpatory evidence. Had counsel shown that the police officers acted in bad faith in destroying potentially useful evidence, he could have requested dismissal, an adverse inference, or other proper relief; however, counsel sought only to bar admission of the evidence.

Because admitting the evidence did not hurt Oliver's case in light of his own admissions, and excluding the evidence would not have helped his case, Oliver cannot show that he was prejudiced by the trial court's ruling. We cannot say that the trial court acted



"improvidently, thoughtlessly, or without due consideration" in admitting the evidence. *Grant v. State*, 357 Ark. 91, 93, 161 S.W.3d 785, 786 (2004).

### III.  *Conclusion*

For the reasons set forth above, we affirm Oliver's convictions and hold that the trial court did not abuse its discretion in admitting evidence over Oliver's objections.

Affirmed.

ABRAMSON and GRUBER, JJ., agree.

*Mullenix & Reardon, P.A.*, by: *D. Ryan Mullenix*; and *The Baxter Law Firm*, by: *Ray Baxter*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.