

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–15–1035

|  |  |  |
| --- | --- | --- |
| RICHARD SHRECK | APPELLANT | **OPINION DELIVERED SEPTEMBER 7, 2016** |
|  |  | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR–14–827] |
| V. |  | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED |

## ROBERT J. GLADWIN, Chief Judge

Appellant Richard Shreck appeals the June 3, 2015 sentencing order of the Faulkner County Circuit Court entered after a jury convicted him of two counts of conspiracy to commit rape. He argues that the trial court erred by allowing the State, during the sentencing phase, to introduce on-line chats and photographs depicting "snuff" sexual acts found on his computer and that he was prejudiced by that evidence. We affirm.

I. *Facts*

On September 10, 2014, a felony information was filed charging appellant with two counts of internet stalking of a child. An amended felony information filed on April 13, 2015, added two counts of attempted rape, and a second amended felony information filed on May 25, 2015, replaced the attempted rape counts with two counts of conspiracy to

commit rape. That same day, a third amended felony information was filed alleging overt acts.

A jury trial was held May 27–28, 2015. During a hearing just prior to the trial, the internet-stalking-of-a-child counts were nolle prossed by the State. At the close of the State's case, defense counsel moved for directed verdict, and the motion was later appropriately renewed. The motions were denied, and the jury found appellant guilty of two counts of conspiracy to commit rape.

Prior to sentencing, the State informed the trial court that it wanted to admit Yahoo chat messages where appellant expressed a desire to participate in "snuff sex" or "wanting to impale a woman or girl with a large rod that's sharpened on the end." The State also requested to admit images of adults that depicted snuff sex and an image of a rod that was sent via chat during the snuff-sex conversation. The State argued that these images and chats were admissible as relevant character evidence under the applicable sentencing statute. Defense counsel objected to the images and chats on the ground that they were irrelevant and unduly prejudicial and thus inadmissible under Arkansas Rules of Evidence 401–403 (2015).[1] The trial court ruled that the images and chats were admissible at sentencing.[2] Appellant was subsequently sentenced to thirty years on each count, the maximum sentence

---

[1]Defense counsel also unsuccessfully objected to the admission of the images on the ground that the State could not prove that appellant had downloaded them.

[2]The trial court previously had ruled this evidence inadmissible in the guilt phase.

SLIP OPINION

available, to be served consecutively. The sentencing order was entered on June 3, 2015, and a notice of appeal was timely filed on June 25, 2015.

## II. *Standard of Review*

The trial court's decision to admit or suppress evidence in the penalty phase is reviewed for abuse of discretion. *White v. State*, 2012 Ark. 221, 408 S.W.3d 720; *Brown v. State*, 2010 Ark. 420, 378 S.W.3d 66. The abuse-of-discretion standard is a high threshold that does not simply require error in the circuit court's decision, but requires that the circuit court act improvidently, thoughtlessly, or without due consideration. *Holland v. State*, 2015 Ark. 341, 471 S.W.3d 179. The trial court has wide discretion on rulings concerning admissibility of evidence. *Oliver v. State*, 2016 Ark. App. 332, ___ S.W.3d ___. Appellate courts will not reverse a trial court's ruling on the admission of evidence absent an abuse of discretion; nor will they reverse absent a showing of prejudice. *Id.*

## III. *Discussion*

Appellant argues that the trial court abused its discretion when it admitted snuff images and chats in the sentencing phase of his jury trial because the images and chats were irrelevant and unduly prejudicial under Rules 401–403. Relevant character evidence is generally admissible at sentencing pursuant to Arkansas Code Annotated section 16-97-103(5) (Repl. 2006). Our supreme court stated in *Crawford v. State*, 362 Ark. 301, 306, 208 S.W.3d 146, 149 (2005):

> Although this court has held that our rules of admissibility and exclusion must govern the introduction of evidence in the sentencing phase of trials, we have also stated that, pursuant to Ark. Code Ann. § 16-91-103, certain evidence is admissible at sentencing which would not have been admissible at the guilt phase of the trial. (Internal citations omitted.)

Appellant notes that relevance and avoidance of undue prejudice are, however, still required under Rules 401–403. Our supreme court has held that the evidence listed in section 16-97-103 "must be governed by our rules of admissibility and exclusion; otherwise the proceedings would not pass constitutional muster." *Walls v. State*, 336 Ark. 490, 493, 986 S.W.2d 397, 399 (1999) (citing *Hill v. State*, 318 Ark. 408, 413, 887 S.W.2d 275, 278 (1994). Courts must still determine whether the probative value of the evidence was substantially outweighed by the danger of unfair prejudice under Rule 403. *Adkins v. State*, 371 Ark. 159, 264 S.W.3d 523 (2007). Additionally, our supreme court has held that evidence of prior or subsequent uncharged criminal conduct can be admissible at the penalty phase if it is relevant evidence of the defendant's character. *See Brown supra.*

Initially, appellant argues that this is an issue of first impression—specifically, whether non-criminal, albeit prejudicial, speech about a desire to commit snuff sex on a willing participant, in this case in the form of images and chats, is admissible in the sentencing phase of a rape-conspiracy case pursuant to section 16-97-103(5) and Rules 401–403. He submits that the reasoning of *Walls*, *supra*, is instructive and applicable and asks us to hold that the trial court abused its discretion in admitting the irrelevant and unduly prejudicial character evidence.[3] Noting that the argument is being made with respect to the sentencing phase, appellant submits that sentencing in Arkansas is part of the trial and urges the court to note that important rights still attach. *See Vankirk v. State*, 2011 Ark. 428, 385 S.W.3d 144.

---

[3]Appellant notes that admission of this evidence may also implicate Due Process and First Amendment free-speech concerns. Those issues, however, were not preserved below, and appellant concedes that they cannot be raised here.

We find no merit in appellant's argument and hold that the issue merely concerns whether the trial court abused its discretion by admitting the evidence for the purpose for which the State offered it—with regard both (1) to the extent to which the issue was argued, and (2) to the basis on which it was decided by the trial court. Accordingly, appellant's claim presents no question of first impression or federal constitutional violation, as suggested, and does not involve the legality or constitutionality of pornography.

With respect to the specific evidence in question, Shannon Cook, an investigator with the Faulkner County Sheriff's Office, testified that "'snuff' means killing someone during or after sex." Appellant submits that the admitted chats involved a discussion of an attraction to snuff and a desire to find a "willing girl." He submits that the chats included (1) discussing women who would possibly be willing and what could possibly be in it for them; (2) an image of an implement they could use for that purpose; (3) what would happen to their genitalia while the women were alive and held down; and (4) the comment that they will "f★★★ her" before she is "impaled." The jury also saw images depicting women who were "about to be" or were "being" snuffed.

Appellant argues that the discussion about snuffing and the viewing of the related images never crossed the line from noncriminal speech[4] to the commission of a criminal

---

[4]*See, e.g.*, *United States v. Alvarez*, 132 S. Ct. 2537 (2012) (Stolen Valor Act violates First Amendment); *Brown v. Entm't Merchs. Ass'n*, 564 U.S. 786 (2011) (prohibition on sale of violent video games to minors violates First Amendment); *United States v. Stevens*, 559 U.S. 460 (2010) (prohibition on depiction of animal cruelty violates First Amendment); *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002) (virtual child porn protected by First Amendment). As previously discussed, this issue is not preserved for our review.

act—including conspiracy or attempt, and he points out that he was not charged with conspiracy to commit murder. In addition, appellant claims that the conversation and images in question were not relevant to the conspiracy-to-commit rape charges involving "Hope" and "Ethan." Appellant reiterates that he discussed a desire to commit snuff with an older, willing girl, not with either Hope or Ethan. Accordingly, he claims that the conversation and images were wholly irrelevant to the sentencing in this particular case.

Given the nature of the evidence at sentencing and the fact that this was a jury trial, appellant argues that there is a significant risk that the jury sentenced him for snuff sex that he *might* engage in one day, rather than for the crimes for which he currently had been convicted. In the same way that sentencing cannot be based on moral responsibility for another person's "vile and sickening" crime, *see Walls*, *supra*, appellant argues that it cannot be based on moral condemnation of a defendant's "vile and sickening," but also fantastical speech about the potential existence of a woman who is willing to be snuffed and/or his desire to snuff her. He maintains that even if it was not an abuse of discretion for the trial court to determine that there was some level of relevance in this testimony, which he does not concede, any probative value was outweighed by the unfair prejudice of the evidence.

We disagree and hold that the trial court was within its discretion to admit the evidence and that no reversible error occurred. We hold that the finding that the testimony of Ms. Cook was relevant was not an abuse of discretion. Ms. Cook explained that she was monitoring an underground chat room in August 2014, posing as a mother of young children, when appellant began an on-line conversation with her, and later also exchanged e-mails and photographs with her. The lengthy exchanges between appellant and Ms. Cook

included discussions about appellant's meeting the mother and her children for a sexual encounter and the sexual acts he wanted to have with the children when they met.

The redacted on-line discussions between appellant and Ms. Cook that were introduced in the guilt phase of appellant's jury trial included references to bondage and sadomasochistic acts. Ms. Cook told him that he could engage in such acts with the children, stating, "You just can't kill [the children] because people know about them." After making arrangements to meet Ms. Cook and the children, appellant arrived at a Walmart in Conway on September 9, 2014. Instead of meeting Ms. Cook and the children, however, he met police officers who were waiting for him.

At the beginning of the sentencing phase, the State explained to the trial court that the chat messages introduced during the guilt phase had been redacted to exclude some of the discussions about snuff sex and references to a large, sharpened rod that appellant claimed to have and that, in fact, was later found in the basement of his house. The State further explained that photographs depicting snuff sex and other sadomasochistic acts were also found on appellant's computer and asked to introduce those images because they were relevant character evidence for sentencing pursuant to section 16-97-103(5).

Appellant's objections to the admission of the evidence were countered by the State's argument that it was relevant to shed light on character evidence that appellant planned to offer about how he cared for his disabled wife. Regarding appellant's claim that the State could not prove who put the images on his computer, the State noted that appellant had discussed his desire to commit the acts depicted in the photos and that the evidence about that desire had already been introduced without objection in the guilt phase.

Based on appellant's statements in the chats about snuff sex, the State argued that the photos were relevant evidence of his character after the jury found, by convicting him, that he was being truthful about his desire to engage in sexual acts with the children who were described in the guilt phase of trial. The trial court ruled that it would admit the unredacted chats as State's Exhibit 43, and the photos were introduced as State's Exhibits 44 through 50.

In *Howerton v. State*, 2012 Ark. App. 331, 413 S.W.3d 861, we upheld the admission of sexually explicit chats as relevant for sentencing after Howerton pleaded guilty to charges of computer pornography and internet stalking of a child. Despite Howerton's objection to the admission of chats that he had with a purported teenage girl because they had not been used as evidence of guilt, the trial court admitted the chats, finding them to be relevant for sentencing. *Id.* On appeal, we rejected Howerton's argument that evidence not presented in the guilt phase could not be used at sentencing, citing *Crawford, supra*, and explained the relevance of the chats for sentencing as follows:

> At the sentencing hearing, appellant argued that he did not consider the chats with "Chloe" to be real because they occurred on the internet. He also argued that he was not looking for a young girl and that the officer posing as "Chloe" was aggressive in seeking to continue the chats and advance the relationship. The transcript was the best method for the trial court to gauge the veracity of appellant's attempts to downplay his activities. The transcript contains much relevant information not found in the agreed statement of facts . . . . The transcript could also be seen to belie appellant's assertions that the chats were not evidence of a real relationship in his mind[.] . . . This information, not contained in the statement of facts, was relevant for the trial court to consider.

*Id.* at 6–7, 413 S.W.3d at 865.

Here, as in *Howerton*, appellant asserted that he was engaging in fantasy and role play in his on-line discussions with Ms. Cook. He described specific acts he wanted to perform, including acts of snuff sex. In a discussion about snuff sex, he stated that he possessed a rod with which to perform such acts, and he sent a photograph which, he said, depicted his hand holding the rod.[5]

Additionally, we hold that appellant's arrival at Walmart to meet Ms. Cook and the children moved his writings and desires to commit such acts from the realm of fantasy to reality. Appellant brought gifts for the children, as he and Ms. Cook had discussed—lip gloss for the girl, and a toy "spider cycle" for the boy, and we agree with the State that his doing so indicated that he intended to meet the children that evening. The photos introduced allowed the jury to see the types of acts appellant had described wanting to perform on the children. As in *Howerton*, the photos were the best method for the jury to "gauge the veracity" of appellant's attempts to downplay his activities in determining his sentence.

We also hold that the evidence was relevant to rebut testimony presented by appellant and other witnesses about how appellant cared for his disabled wife, whose legs had been amputated as the result of an illness. In the guilt phase, appellant called Jeff Carter, a school teacher and pastor, who testified that appellant had a "good reputation" for truthfulness in the community. During sentencing, appellant presented testimony from Jeffrey Franklin, a nurse who had treated appellant's wife; his father-in-law, Howard

---

[5]In chambers, counsel told the trial court that the rod was found in appellant's basement leaning against a refrigerator, but the State did not offer either a photo taken of the rod in the basement or the rod itself as evidence.

Lawrence; and his friend, Tom Sullivan. The photos in question directly challenged the testimony of those witnesses regarding appellant's care for his wife and his good reputation in the community by showing the types of sexual acts that appellant wanted to perform, that he had obtained photos of those acts from the Internet, and that he discussed with other persons his desire to engage in those acts, apparently without his wife's knowledge.

When a defendant chooses to introduce evidence about his character into a trial, he opens the door to rebuttal by cross-examination or other testimony of prosecution witnesses. *See Frye v. State*, 2009 Ark. 110, 313 S.W.3d 10. Appellant presented evidence to establish his character as a loving husband and a good, truthful citizen, and we hold that the State was entitled to rebut that evidence by showing the types of interests he had that his wife and friends did not know about, in particular, his interest in snuff sex with Ms. Cook and her children.

Appellant argues in his reply brief that, although he appealed the trial court's admission of snuff images and chats at sentencing, the State's brief primarily discusses the admissibility of the photographs. He claims that the State misapprehends his argument; alternatively, he maintains that the State concedes that appellant's argument has merit at least with respect to the additional information in the chats admitted during sentencing, citing only 5 Am. Jur. 2d Appellate Review § 512 and 4 C.J.S. Appeal and Error § 732. This argument has no merit whatsoever.

Finally, appellant reiterates that the jury sentenced him to the maximum allowable sentence, thirty years on each count to be served consecutively, and argues that the sentence, in and of itself, establishes that he was prejudiced. In general, a defendant who is sentenced

within the statutory range, and short of the maximum sentence, cannot establish prejudice from the admission of evidence at sentencing. *See Gillean v. State*, 2015 Ark. App. 698, 478 S.W.3d 255. We acknowledge that appellant did receive the maximum available sentence on his convictions, but Arkansas appellate courts require defendants to develop their arguments regarding prejudice. *See Eastin v. State*, 2010 Ark. 275. Even taking the entirety of his argument as evidence that he was prejudiced by the introduction of the evidence during the sentencing phase, we hold that the trial court was within its wide discretion on rulings concerning admissibility of evidence, *see Oliver*, *supra*, and that the admission of the evidence in question was not unduly prejudicial and did not constitute reversible error.

Affirmed.

HOOFMAN and BROWN, JJ., agree.

*John Wesley Hall* and *Sarah M. Pourhosseini*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.