Cite as 2019 Ark. App. 373

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–19–85

| | | |
|---|---|---|
| AP | | **Opinion Delivered:** September 11, 2019 |
| | APPELLANT | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. 43JV-18-206] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE BARBARA ELMORE, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

### MIKE MURPHY, Judge

AP appeals the November 29, 2018 order of the Lonoke County Circuit Court adjudicating her delinquent for disorderly conduct. On appeal she argues that evidence presented at trial was insufficient to support the adjudication. We affirm.

On February 14, 2018, AP was eating lunch at school. While in the cafeteria, AP made statements to other students about wanting to fight SR. She also told SR she wanted to fight and "made gestures" toward SR. Eventually SR walked over to where AP was sitting in the cafeteria and hit AP on the head. Both AP and SR got in trouble at school, and AP was charged in the juvenile court with one count of disorderly conduct in violation of Arkansas Code Annotated section 5-71-207 (Repl. 2016). At a bench trial, AP was adjudicated delinquent for disorderly conduct and placed on probation for five months. AP timely appeals.

On appeal, AP argues that the evidence presented at trial is insufficient to support the disorderly-conduct charge. AP's argument, however, is not preserved for appellate review.

Challenges to the sufficiency of the evidence at a bench trial are made through a motion to dismiss. *Oliver v. State*, 2016 Ark. App. 332, 498 S.W.3d 320. A motion to dismiss must state with specificity the grounds on which the motion relies. *Id.*; *see also* Ark. R. Crim. P. 33.1(b) (2018). Failure to raise an issue in a motion precludes this court from considering it on appeal. *See, e.g.*, *Oliver*, 2016 Ark. App. 332, at 5, 498 S.W.3d at 323. The Arkansas Rules of Criminal Procedure, including Rule 33.1, apply to delinquency proceedings under the Arkansas Juvenile Code. *Jones v. State*, 347 Ark. 409, 415–16, 64 S.W.3d 728, 732 (2002). Thus, failure to make a motion to dismiss at the close of all the evidence in an adjudication hearing will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the adjudication. Ark. R. Crim. P. 33.1(c); *id.*

During the trial, AP never moved to dismiss the case on the basis of a lack of sufficient evidence. Her counsel acknowledges this point but asks that we nonetheless consider the argument preserved because AP's case falls within an exception set forth in *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980).

In *Wicks* our supreme court enumerated four exceptions to the contemporaneous-objection rule. However, the application of the exceptions listed in *Wicks* is limited to specific constitutional and statutory-error arguments that are distinct from sufficiency-of-the-evidence arguments. *McDaniels v. State*, 2012 Ark. App. 219, at 3–4.

Accordingly, the appellant's sufficiency-of-the-evidence argument is not preserved for our review.

Affirmed.

ABRAMSON and HIXSON, JJ., agree.

*Robert M. "Robby" Golden*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.