Cite as 2019 Ark. App. 464

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–19–303

|  |  |
|---|---|
| | **Opinion Delivered:** October 16, 2019 |
| A.J.A.<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | APPEAL FROM THE HOWARD COUNTY CIRCUIT COURT [NO. 31JV-19-3 ]<br><br>HONORABLE TOM COOPER, JUDGE<br><br>AFFIRMED |

### WAYMOND M. BROWN, Judge

The Howard County Circuit Court adjudicated A.J.A. delinquent for having committed the offense of terroristic threatening and sentenced him to the Division of Youth Services. He argues on appeal that the evidence was insufficient to support the terroristic threatening finding because the evidence did not show that he acted with the purpose of terrorizing another person or that he threatened another person. Because A.J.A.'s challenge to the sufficiency of the evidence supporting his adjudication is not preserved for review, we affirm without reaching the merits.

On January 31, 2019, the State filed a petition in the juvenile division of circuit court alleging that A.J.A. had committed the offense of terroristic threatening at Dierks High School. The State included Officer John McKee's police report as an exhibit to its petition. The report stated the following:

On 1-29-19[,] I was contacted by School Resource Officer Benny Simmons about an incident at the Dierks High School. Simmons requested that I come to the high school. I arrived and spoke with Simmons, Principal Jeff Jones, [and] Superintendent Jody Cowart. They informed me that [A.J.A.] had made some threats about shooting up the school to another student. Principal Jones had spoken to [A.J.A.] prior to my arrival and stated that [A.J.A.] had confessed to telling another student that he told her he was a school shooter. He had confessed further that he instructed her to wear green on Friday. [A.J.A.] further confessed that he always wore a black jacket like other school shooters to students and told Principal Jones this. I took [A.J.A.] into custody after his grandparents arrived. I interviewed [A.J.A.] at the Dierks Police Department with his [g]randparents present. [A.J.A.] admitted that he did tell a student that he was a school shooter and that he told her to wear green on Friday. He further stated that it was a joke.

A bench trial was held on February 6, 2019. Following the presentation of the State's case, defense counsel moved for a directed verdict:[1]

I request a directed verdict. As for terroristic threatening in the first degree, the main part of the statute is to be with the purpose of terrorizing another. [A.J.A.] did not tell anybody with the purpose of terrorizing them that he was going to shoot up the school or make any sort of threats. This was something he was talking to his friends, they all understood. [A.M.] said she took it as a joke, didn't take it seriously. [B.B.] said he thought he was kidding, not taking it seriously. Everything Mr. Jones testified about was based on rumors that other kids had started that included stuff [A.J.A.] didn't say, like the bombing. And whenever any of the adults from principal, superintendent, law enforcement asked what was going on, they asked for the specific statement, not intent. [A.J.A.] is not going to lie and say he didn't make the statement. He didn't make a statement intending to do actual harm or with intent to terrorize another.

. . . .

I believe it would be. He has to make the statement with the purpose of terrorizing another. He did not make that statement to anybody else to terrorize them. In fact, the people he talked to were either acquaintances or friends that, in that circle, it could just as easily be assumed that he was making a bad joke. Nothing the State has shown showed that this was an actual, intentional threat that he was going to carry out. This was based on rumors that people heard and exacerbated throughout the course of the community and school before it got to the principal and superintendent.

---

[1]Because this was a bench trial, defense counsel's motion was actually a motion for dismissal. Ark. R. Crim. P. 33.1(b) (2018).

The court denied A.J.A.'s motion for dismissal, and A.J.A. took the stand and testified on his own behalf. Counsel failed to renew the motion at the conclusion of the evidence. The court subsequently found that A.J.A. was not credible and that the allegations in the State's petition were true. The delinquency-and-commitment order was filed on February 6, 2019. A.J.A. filed a timely notice of appeal on March 5, 2019.

Challenges to the sufficiency of the evidence at a bench trial are made through a motion to dismiss.[2] A motion to dismiss must state with specificity the grounds on which the motion relies.[3] Failure to raise an issue in a motion precludes this court from considering it on appeal.[4] The Arkansas Rules of Criminal Procedure, including Rule 33.1, apply to delinquency proceedings under the Arkansas Juvenile Code.[5] Thus, failure to make a motion to dismiss at the close of all the evidence in an adjudication hearing will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the adjudication.[6]

Here, defense counsel failed to renew his motion at the close of all the evidence. Thus, we are precluded from addressing A.J.A.'s sufficiency challenge on appeal.

In his reply, A.J.A. makes two constitutional arguments[7] and contends that these arguments can be raised for the first time in the reply because "there was no reason to raise

---

[2] *Oliver v. State*, 2016 Ark. App. 332, 498 S.W.3d 320.

[3] *Id.*; *see also* Ark. R. Crim. P. 33.1(b).

[4] *See Oliver, supra.*

[5] *Jones v. State*, 347 Ark. 409, 415–16, 64 S.W.3d 728, 732 (2002).

[6] Ark. R. Crim. P. 33.1(c); *id.*

it below, and we are responding to an argument the State made in its response brief." He relies on *Olson v. Olson*[8] to support this proposition. However, *Olson* is distinguishable. There, the supreme court held that the appellant was not barred from raising an issue from the divorce proceeding for the first time on appeal when she was not present at the hearing and had no opportunity to object to the circuit court's ruling.[9]

In the case at bar, A.J.A. was present and had every opportunity to renew the motion for dismissal. Any constitutional challenge concerning the procedures required to preserve a sufficiency issue during a delinquency hearing had to first be argued below. We have consistently held that we will not consider issues raised for the first time on appeal, even constitutional ones.[10]

To the extent that A.J.A. argues that we should certify this case to the supreme court, we decline to do so.

Affirmed.

KLAPPENBACH and HIXSON, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.

---

[7]He argues that because Ark. Code Ann. § 9-27-325(f) (Supp. 2017) dictates to courts what procedures to apply, it is an unconstitutional legislative exercise of judicial power. He also argues that Ark. R. Civ. P. 81(a) is an unconstitutional delegation of judicial power.

[8]2014 Ark. 357, 453 S.W.3d 128.

[9]*Olson*, 2014 Ark. 537, at 7, 453 S.W.3d at 133.

[10]*Hunter v. Ark. Dep't of Human Servs.*, 2018 Ark. App. 500, at 4–5, 562 S.W.3d 883, 886; *Maxwell v. Ark. Dep't of Human Servs.*, 90 Ark. App. 223, 205 S.W.3d 801 (2005).