Cite as 2019 Ark. App. 529

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-19-116

| | |
|---|---|
| NEKOLA DANYEL CONERY<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** November 13, 2019<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION [NO. 60CR-18-1780]<br><br>HONORABLE BARRY A. SIMS, JUDGE<br><br>AFFIRMED; REMANDED TO CORRECT SENTENCING ORDER |

## RAYMOND R. ABRAMSON, Judge

Nekola Danyel Conery appeals the order of the Pulaski County Circuit Court finding her guilty of second-degree terroristic threatening. On appeal, Conery argues that the State failed to present sufficient evidence of her guilt. We affirm.

This case arose out of a confrontation between Conery and Kristina Peterson. Peterson was a counselor at the middle school that Conery's daughter attended. On October 10, 2017, Conery's daughter had gotten in trouble for not having her ID badge and having her cell phone with her at school. Conery's daughter was sent to Peterson's office. Conery called to speak with Peterson and became belligerent, which caused Peterson to disconnect the call. Five to seven minutes later, Conery arrived at the school, encountered Peterson in the hallway, and began yelling and threatening her. Conery called her "a fat bitch" and told

her, "I'll drag your ass. I will fuck you up. I will beat your ass." Conery eventually left the building.

On April 27, 2018, the Pulaski County District Court held a bench trial and found Conery guilty of second-degree terroristic threatening. Conery appealed to the Pulaski County Circuit Court. On September 17, 2018, the circuit court held a bench trial. She was again found guilty of committing second-degree terroristic threatening, was fined $1,000, and was sentenced to one year in the county jail.

Conery now challenges her conviction and alleges that the State failed to present sufficient evidence of her guilt. Specifically, she argues that the State failed to introduce substantial evidence that would have allowed the fact-finder to reasonably infer that Conery threatened Peterson with the conscious object of filling her with intense fright.

A motion to dismiss at a bench trial is a challenge to the sufficiency of the evidence. *Harris v. State*, 2016 Ark. App. 23, 480 S.W.3d 229. However, a motion to dismiss must state with specificity the grounds on which the motion relies. *See* Ark. R. Crim. P. 33.1(b) (2019). Failure to raise an issue in a motion does not preserve the issue for appeal. *See, e.g.*, *Oliver v. State*, 2016 Ark. App. 332, at 5, 498 S.W.3d 320, 323.

The State argues that Conery did not preserve the specific argument she makes on appeal in her motion to dismiss. We agree. At the conclusion of the State's presentation of its case-in-chief, defense counsel made the following motion to dismiss the second-degree terroristic-threatening charge: "Your honor, we'll ask . . . for a motion to dismiss this case. That the State has not met its burden as far as terroristic threatening regarding Ms. Conery." This statement is not specific enough to preserve her claim that the State did not prove the

mental state required for second-degree terroristic threatening. Thus, Conery cannot now question the sufficiency of the evidence because she did not preserve her challenge for appeal. We affirm the conviction for failure to preserve her argument for appeal.

We further remand the case to the circuit court for the limited purpose of entering an amended sentencing order that corrects two clerical errors in the October 12, 2018 sentencing order. It is apparent to us that the sentencing order reflects a scrivener's error. The first clerical error noted that Conery was convicted of first-degree terroristic threatening rather than second-degree terroristic threatening. The second clerical error showed that Conery was to serve 365 months in jail for her offense. This should be corrected to reflect twelve months' jail time.

The court in *Sizemore v. State*, which affirmed appellant's conviction but remanded in part for the circuit court to correct the sentencing order, found, "A circuit court can enter an order nunc pro tunc at any time to correct clerical errors in a judgment or order." 2015 Ark. App. 728, at 8–9, 478 S.W.3d 281, 285–86 (internal citations omitted). Here, we affirm Conery's conviction, but we remand for the circuit court to correct the sentencing order.

Affirmed; remanded to correct sentencing order.

VIRDEN and HIXSON, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.