Cite as 2023 Ark. App. 446

# ARKANSAS COURT OF APPEALS

DIVISION I

No. CR-22-3

| | | |
|---|---|---|
| STERLING WOOLFORD | | **Opinion Delivered**  October 4, 2023 |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION [NO. 60CR-20-1828] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE WENDELL GRIFFEN, JUDGE |
| | APPELLEE | AFFIRMED |

## WAYMOND M. BROWN, Judge

Following a bench trial, appellant Sterling Woolford was found guilty in the Pulaski County Circuit Court of second-degree battery of a law enforcement officer, a Class D felony, in violation of Arkansas Code Annotated § 5-13-202(a)(4)(A)(i).[1]  On appeal, Woolford challenges the sufficiency of the evidence supporting his conviction.  We affirm.

On April 30, 2020, at approximately 10:30 p.m., while on patrol in the 4400 block of East McCain Boulevard, North Little Rock Police Sergeant Justin Cross observed Woolford near the front entrance doors of Bank OZK.  When Sergeant Cross pulled into the bank parking lot and exited his marked patrol car, Woolford immediately began yelling, cursing, and walking toward him.  According to Sergeant Cross, Woolford displayed an agitated and aggressive demeanor and exhibited signs of intoxication—slurred speech, an unsteady walk, and an odor of intoxicants.  Due to

---

[1](Supp. 2023).

Woolford's behavior, Sergeant Cross ordered Woolford to place his hands on the hood of his patrol car and performed a pat-down search of his person. Attached to the front of Woolford's waistband, Sergeant Cross found a "gold-plated security badge." For safety reasons, Sergeant Cross then attempted to handcuff Woolford. Woolford resisted and tried to pull his arms away, yelling and cursing; however, Sergeant Cross was able to place Woolford in handcuffs. While Sergeant Cross continued the pat-down search, Woolford stated that he was "going to beat [Sergeant Cross's] ass" and then proceeded to lean back and quickly headbutt Sergeant Cross in the forehead above his left eye. The impact from the headbutt briefly stunned Sergeant Cross. He then forced Woolford to the ground; as he fell, Woolford's "elbow or shoulder then impacted [Sergeant Cross's] ribs." Sergeant Cross experienced head pain for approximately an hour, while the rib pain lingered for approximately one week.

On July 22, 2021, the circuit court held a bench trial and found Woolford guilty of second-degree battery of a law enforcement officer. Woolford was sentenced as a habitual offender to a term of 358 days' incarceration in the Arkansas Department of Correction, credited 358 days for time served, and given an additional two years' suspended imposition of sentence.

On appeal, Woolford challenges the sufficiency of the evidence supporting his conviction. He specifically argues that the circuit court erred in denying his motion to dismiss because the evidence was insufficient to establish that he "knowingly caused physical injury" to Sergeant Cross. Woolford asserts that the State failed to introduce substantial evidence at trial that Woolford "was aware that he was practically certain to cause physical injury to a police officer by headbutting the officer's forehead."

A motion to dismiss at a bench trial is a challenge to the sufficiency of the evidence.[2] However, a motion to dismiss must state with specificity the grounds on which the motion relies.[3] Failure to raise an issue in a motion does not preserve the issue for appeal.[4]

The State argues that Woolford failed to preserve the specific argument that he now makes on appeal. We agree. At trial, after the State rested, Woolford moved for dismissal. Specifically, he argued that Woolford "didn't knowingly without legal justification cause an injury because he was intoxicated." The State responded that voluntary intoxication is not a defense to battery in the second degree. The circuit court denied the dismissal motion. Without presenting evidence, the defense then rested and renewed its motion "on the grounds that he didn't knowingly while intoxicated injure the officer. If anything, it was a reckless or negligent act." The circuit court denied the renewed motion for dismissal, stating that "voluntary intoxication is not available as a defense for negating specific intent." This is not the same argument Woolford urges on appeal.

Here, Woolford shifts his sufficiency challenge from lack of proof that he acted knowingly due to intoxication to an assertion that the State presented insufficient proof that he knowingly caused a physical injury. We have long held that an appellant cannot change his argument on appeal.[5] An appellant is bound by the scope of the motion to dismiss made below.[6] Issues raised for the first time

---

[2]*Harris v. State*, 2016 Ark. App. 23, 480 S.W.3d 229.

[3]*See* Ark. R. Crim. P. 33.1(b) (2019).

[4]*Oliver v. State*, 2016 Ark. App. 332, 498 S.W.3d 320.
[5]*Hunter v. State*, 330 Ark. 198, 952 S.W.2d 145 (1997).

[6]*Gooch v. State*, 2015 Ark. 227, 463 S.W.3d 296.

on appeal, even constitutional ones, will not be considered because the circuit court did not have an opportunity to rule on them.[7]

We affirm Woolford's conviction for failure to preserve his argument for appeal.

Affirmed.

HARRISON, C.J., and KLAPPENBACH, J., agree.

*Mac J. Carder*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.

---

[7]*Neal v. State*, 2020 Ark. App. 245, 601 S.W.3d 135.